UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
5:19-cv-430

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X
U.S. TOBACCO COOPERATIVE, INC., :
:
      Plaintiff, :
: **NOTICE OF REMOVAL**
v. :
:
CERTAIN UNDERWRITERS AT LLOYD'S :
SUBSCRIBING TO POLICY NUMBERS :
B1353DC1703690000 and :
B1353DC1602041000, :
:
      Defendants. :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

      **PLEASE TAKE NOTICE** that pursuant to 28 U.S.C. §1441 and §1446, Defendants, CERTAIN UNDERWRITERS AT LLOYD'S SUBSCRIBING TO POLICY NUMBERS B1353DC1703690000 and B1353DC1602041000 ("Insurers" or "Defendants") by and through their attorneys, Clark, Newton & Evans, PA and Hill Rivkins LLP, and hereby remove the above-captioned action, from the General Court of Justice Superior Court Division for the County of Wake, File No. 19-cv-11374 (the "State Court Action"), to the United States District Court for the Eastern District of North Carolina, In support. Insurers state as follows:

## CIVIL ACTION REMOVED

      1.    The State Court Action was filed on August 16, 2019, by U.S. Tobacco Cooperative, Inc. ("Plaintiff" or "USTC"). A copy of the Complaint filed in the State Court Action is attached hereto as Exhibit A (the "Complaint") and seeks a declaratory judgment that Insurers are required to reimburse USTC for its claimed losses under certain policies of insurance issued

by Insurers. USTC also alleges causes of action for Bad Faith and violations of the North Carolina Unfair and Deceptive Practices Acts. *See* Complaint, pp.13-17.

2. No other pleadings have been filed in the State Court Action.

## DIVERSITY OF CITIZENSHIP

3. Plaintiff is incorporated in North Carolina and has its principal place of business at 1304 Annapolis Drive, Raleigh, North Carolina. *See* Complaint, ¶16.

4. The Insurers subscribing to Policy B1353DC1602041000 are: Aegis, Lloyd's Syndicate 1225; Mitsui, Lloyd's Syndicate 3210; Canopius, Lloyd's Syndicate 4444; XL Catlin, Lloyd's Syndicate 2003; Liberty, Lloyd's Syndicate 4472; Pembroke, Lloyd's Syndicate 4000, Argenta, Lloyd's Syndicate 2121; Sompo, Lloyd's Syndicate 5151; Argo Global, Lloyd's Syndicate 1200; Axis, Lloyd's Syndicate 1686; Hiscox, Lloyd's Syndicate 0033; and Starstone, Lloyd's Syndicate 1301.

5. None of the Names of the Syndicates subscribing to Policy B1353DC1602041000 are residents of North Carolina, incorporated in North Carolina or have a principal place of business in North Carolina.

6. The Insurers subscribing to Policy B1353DC1703690000 are: Aegis, Lloyd's Syndicate 1225; MS Amlin, Lloyd's Syndicate 3210; Canopius, Lloyd's Syndicate 4444; XL Catlin, Lloyd's Syndicate 2003; Liberty, Lloyd's Syndicate 4472; Pembroke, Lloyd's Syndicate 4000, Argenta, Lloyd's Syndicate 2121; Sompo, Lloyd's Syndicate 5151; Argo Global, Lloyd's Syndicate 1200; Axis, Lloyd's Syndicate 1686; Hiscox, Lloyd's Syndicate 0033; and Starstone, Lloyd's Syndicate 1301.

7. None of the Names of the Syndicates subscribing to Policy B1353DC1703690000 are residents of North Carolina, incorporated in North Carolina or have a principal place of business in North Carolina.

8. Although USTC demands damages in excess of $25,000 in its Prayer for Relief, at ¶56 of the Complaint, USTC has alleged that it "has suffered approximately $14 million in losses". Therefore, the jurisdiction amount in controversy exceeds $75,000 exclusive of interest and costs as required by 28 U.S.C. §1332.

9. Accordingly, this Court has diversity jurisdiction over this civil action pursuant to 28 U.S.C. §1332 and, therefore, the State Court Action may be removed pursuant to 28 U.S.C. §1441.

## TIMELINESS OF REMOVAL

10. Insurers have not been served with a copy of the Complaint and, therefore, an Answer to the Complaint is not yet required.

11. On August 28, 2019, counsel for USTC emailed a copy of the Complaint to Richard Foulger, Head of Claims, for Aegis. As 30 days has not lapsed from the date on which Insurers were first notified of the Complaint, Insurers' removal is timely as required by 28 U.S.C. §1446(b).

## NOTICE TO STATE COURT AND PLAINTIFF

12. Insurers will promptly file with the Superior Court of Wake County, North Carolina, a true and correct copy of this Notice of Removal. According to 28 U.S.C. §1446(d), no further proceedings shall be had in Wake County, North Carolina.

13. Pursuant to 28 U.S.C. §1446(a), Plaintiff is being provided with a copy of this Notice of Removal.

Respectfully submitted, this the 27th day of September, 2019.

                                              CLARK, NEWTON & EVANS, P.A.
                                              *Counsel for Defendants*
                                              /s/ Don T. Evans, Jr.,  NC Bar No. 19003
                                              /s/ Seth P. Buskirk,     NC Bar No. 36664
                                              509 Princess St.
                                              Wilmington, North Carolina 28401
                                              Telephone: (910) 762 -8743
                                              Facsimile: (910) 762 6206
                                              spb@clarknewtom.com
                                              dte@clarknewton.com

Of counsel:                              /s/ James Saville, Esq.
                                              NY Bar No.: 106094
                                              Hill Rivkins LLP
                                              (Pro Hac Vice Application Pending)

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the foregoing NOTICE OF FILING NOTICE OF REMOVAL with accompanying exhibits by first-class mail addressed to:

Cory Hohnbaum, Esq.
King & Spalding LLP
300 S Tryon Street, Suite 1700
Charlotte, NC 28202

Meghan H. Magruder
Shelby S. Guilbert, Jr.
Amy E. Dehnel
King & Spaulding, LLP
1180 Peachtree Street, NE
Atlanta. GA 30309

This, the 27th day of September, 2019.

/s/ Don T. Evans, Jr.