# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF NORTH CAROLINA
## WESTERN DIVISION
### 5:19-cv-430

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

U.S. TOBACCO COOPERATIVE, INC.,     :

       : 

       Plaintiff,        :      **ANSWER TO COMPLAINT**

       :

v.        :

       :

CERTAIN UNDERWRITERS AT LLOYD'S     :
SUBSCRIBING TO POLICY NUMBERS     :
B1353DC1703690000 and        :
B1353DC1602041000,        :

       :

       Defendants.        :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

Defendants, CERTAIN UNDERWRITERS AT LLOYD'S SUBSCRIBING TO POLICY NUMBERS B1353DC1703690000 and B1353DC1602041000 ("Insurers" or "Defendants") by and through their attorneys Hill Rivkins LLP, as and for their Answer to the Complaint of plaintiff U.S. Tobacco Cooperative, Inc. ("Plaintiff" or "USTC") state upon information and belief as follows:

## INTRODUCTION

1.      Insurers deny the allegations asserted in paragraph 1 of the Complaint.

2.      Insurers deny knowledge and information sufficient to form a belief as to the truth of the matters asserted in paragraph 2 Complaint.

3.      Insurers admit that they issued Marine Stockthroughput policies B1353DC1703690000 and B1353DC1602041000 (the "Policies") and refer to the Policies for the terms thereof and deny all allegations inconsistent therewith.

4. Insurers refer to the Policies for the terms thereof and deny all allegations inconsistent therewith.

5. Insurers refer to the Policies for the terms thereof and deny all allegations inconsistent therewith.

6. Insurers deny knowledge and information sufficient to form a belief as to the truth of the matters asserted in paragraph 6 of the Complaint.

7. Insurers deny knowledge and information sufficient to form a belief as to the truth of the matters asserted in paragraph 7 of the Complaint.

8. Insurers admit that they received notice of the alleged loss from USTC. Otherwise, expect as specifically admitted, Insurers deny the remaining allegations set forth in paragraph 8 of the Complaint.

9. Insurers deny the allegations set forth in paragraph 9 of the Compliant.

10. Insurers deny the allegations set forth in paragraph 10 of the Complaint.

11. Insurers deny the allegations set forth in paragraph 11 of the Complaint.

12. Insurers deny the allegations set forth in paragraph 12 of the Complaint.

13. Insurers deny the allegations set forth in paragraph 13 of the Complaint.

14. Insurers deny knowledge and information sufficient to form a belief as to the truth of the matters asserted in paragraph 14 Complaint.

15. Insurers deny knowledge and information sufficient to form a belief as to the truth of the matters asserted in paragraph 14 Complaint.

## ALLEGATIONS
## PARTIES, JURISDICTION AND VENUE

16.     Insurers deny knowledge and information sufficient to form a belief as to the truth of the matters asserted in paragraph 16 Complaint.

17.     Insurers admit that that Syndicates Nos. 1225, 3210, 4444, 2003, 4472, 4000, 2121, 5151, 1200, 1686, 0033, 1301, and 2001subscribed to the Policies as more specifically stated therein and are managed as follows: AEGIS Syndicate 1225 is managed by AEGIS Managing Agency Limited; Mitsui Syndicate 3210 is managed by Riverstone Managing Agency Ltd.; Canopius Syndicate 4444 acting through their managing agent Canopius Managing Agents Limited; XL Catlin Syndicate 2003 is managed by Catlin Underwriting Agencies Limited; Liberty Syndicate 4472 is managed by Liberty Managing Agency Limited; Pembroke Syndicate 4000 is managed by Pembroke Managing Agency Limited; Argenta Syndicate 2121 is managed by Argenta Syndicate Management Limited; Sompo Syndicate 5151 is managed by Endurance at Lloyd's; Argo Global Syndicate 1200 is managed by Argo Managing Agency Limited; Axis Syndicate 1686 is managed by Axis Managing Agency Ltd.; Hiscox Syndicate 0033 is managed by Hiscox Syndicates Limited; Starstone Syndicate 1301 is managed by Starstone Underwriting Limited. Except as specially admitted, Insurers deny the remaining allegations asserted in paragraph 17 of the Complaint.

18.     Insurers admit that this Honorable Court has personal jurisdiction and refer to the Policies for the terms thereof and deny all allegations inconsistent therewith.

19.     Insurers admit that this Honorable Court has subject matter jurisdiction pursuant to 28 U.S.C. §1332.

3

20. Insurers admit that this Honorable Court has personal jurisdiction over Defendants. Except as specifically admitted, Insurers deny the remaining allegations asserted in paragraph 20 of the Complaint.

21. Insurers admit that venue is proper. Except as specifically admitted, Insurers deny the remaining allegations asserted in paragraph 21 of the Complaint.

## FACTUAL ALLEGATIONS

22. Insurers admit that they issued Marine Stockthroughput Policy B1353DC1602041000 and refer to the Policy for the terms thereof and deny all allegations inconsistent therewith in paragraph 22 of the Complaint.

23. Insurers admit that certain Syndicates subscribed to B1353DC1602041000 and refer to the Policy for the terms thereof and deny all allegations inconsistent therewith in paragraph 23 of the Complaint.

24. Insurers admit that they issued Marine Stockthroughput Policy B1353DC1703690000 and refer to the Policy for the terms thereof and deny all allegations inconsistent therewith in paragraph 24 of the Complaint.

25. Insurers admit that certain Syndicates subscribed to B1353DC1703690000 and refer to the Policy for the terms thereof and deny all allegations inconsistent therewith in paragraph 25 of the Complaint.

26. Insurers deny the allegations asserted in paragraph 26 of the Complaint.

27. Insurers refer to the Policies for the terms thereof and deny and allegations inconsistent therewith asserted in paragraph 27 of the Complaint.

28. Insurers refer to the Policies for the terms thereof and deny and allegations inconsistent therewith asserted in paragraph 28 of the Complaint.

29.     Insurers refer to the Policies for the terms thereof and deny and allegations inconsistent therewith asserted in paragraph 29 of the Complaint.

30.     Insurers refer to the Policies for the terms thereof and deny and allegations inconsistent therewith asserted in paragraph 30 of the Complaint.

31.     Insurers refer to the Policies for the terms thereof and deny and allegations inconsistent therewith asserted in paragraph 31 of the Complaint.

32.     Insurers refer to the Policies for the terms thereof and deny and allegations inconsistent therewith asserted in paragraph 32 of the Complaint.

33.     Insurers refer to the Policies for the terms thereof and deny and allegations inconsistent therewith asserted in paragraph 33 of the Complaint.

34.     Insurers refer to the Policies for the terms thereof and deny and allegations inconsistent therewith asserted in paragraph 34 of the Complaint.

35.     Insurers refer to the Policies for the terms thereof and deny and allegations inconsistent therewith asserted in paragraph 35 of the Complaint.

36.     Insurers refer to the Policies for the terms thereof and deny and allegations inconsistent therewith asserted in paragraph 36 of the Complaint.

37.     Insurers refer to the Policies for the terms thereof and deny and allegations inconsistent therewith asserted in paragraph 37 of the Complaint.

38.     Insurers deny knowledge and information sufficient to form a belief as to the truth of the matters asserted in paragraph 38 of the Complaint.

39.     Insurers admit that Hurricane Matthew affected North Carolina in October 2016. Except as specifically admitted, Insurers deny knowledge and information sufficient to form a belief as to the truth of the matters asserted in paragraph 39 of the Complaint.

40. Insurers deny knowledge and information sufficient to form a belief as to the truth of the matters asserted in paragraph 40 of the Complaint.

41. Insurers admit that they received notice of the alleged loss from USTC. Otherwise, expect as specifically admitted, Insurers deny the remaining allegations set forth in paragraph 41 of the Complaint.

42. Insurers admit that they sent two Reservations of Rights to USTC dated September 7, 2018, and January 4, 2019 and refer to the respective letters for the contents thereof and Insurers deny any allegations inconsistent therewith asserted in paragraph 42 of the Complaint.

43. Insurers admit the allegations asserted in paragraph 43 of the Complaint.

44. Insurers admit that USTC sent a letter dated April 1, 2019, and refer to the letter for the contents thereof and Insurers deny any allegations inconsistent therewith asserted in paragraph 44 of the Complaint.

45. Insurers refer to USTC's letter dated April 1, 2019, for the contents thereof and Insurers deny any allegations inconsistent therewith asserted in paragraph 45 of the Complaint.

46. Insurers admit that USTC provided certain information and documentation to Insurers. Except as specifically admitted, Insurers deny the remaining allegations asserted in paragraph 46 of the Complaint.

47. Insurers admit that a supplemental Reservation of Rights dated May 9, 2019, was sent to USTC and refer to the letter for the contents thereof and deny any allegations inconsistent therewith asserted in paragraph 47 of the Complaint.

48. Insurers admit the allegations asserted in paragraph 28 of the Complaint.

49. Insurers deny the allegations set forth in paragraph 49 of the Complaint.

50. Insurers deny the allegations set forth in paragraph 50 of the Complaint.

51.     Insurers deny the allegations set forth in paragraph 51 of the Complaint.

52.     Insurers deny the allegations set forth in paragraph 52 of the Complaint.

53.     Insurers deny the allegations set forth in paragraph 53 of the Complaint.

54.     Insurers deny the allegations set forth in paragraph 54 of the Complaint.

55.     Insurers deny that they have engaged in bad faith and unfair and deceptive practices and acts or that they retained a U.K. based salvage company. Except as specifically denied, Insurers deny knowledge and information to form a belief as to the remaining allegations asserted in paragraph 55 of the Complaint.

56.     Insurers deny the allegations set forth in paragraph 56 of the Complaint.

## CAUSES OF ACTION
## COUNT I

57.     Insurers repeat and reallege each and every admission, denial, and denial of knowledge and information set forth in paragraphs 1-56 as if set forth herein at length.

58.     Insurers admit that allegations asserted in paragraph 58 of the Complaint.

59.     Insurers admit that a dispute has arisen between USTC and Insurers with respect to coverage under the Policies. Except as specifically admitted, Insurers deny knowledge and information to form a belief as to the remaining allegations asserted in paragraph 59 of the Complaint.

60.     Insurers admit that allegations asserted in paragraph 60 of the Complaint.

61.     Insurers admit that allegations asserted in paragraph 61 of the Complaint.

62.     Insurers admit that allegations asserted in paragraph 62 of the Complaint.

63.     Insurers refer to the Policies for the terms thereof and deny any allegations inconsistent therewith asserted in paragraph 63 of the Complaint.

64.     Insurers deny the allegations asserted in paragraph 64 of the Complaint.

7

65.     Insurers deny knowledge and information to form a belief as to the remaining allegations asserted in paragraph 65 of the Complaint.

66.     Insurers admit that allegations asserted in paragraph 66 of the Complaint.

67.     Insurers admit that allegations asserted in paragraph 67 of the Complaint.

## COUNT II

68.     Insurers repeat and reallege each and every admission, denial, and denial of knowledge and information set forth in paragraphs 1-67 as if set forth herein at length.

69.     Insurers admit that allegations asserted in paragraph 69 of the Complaint.

70.     Insurers deny the allegations asserted in paragraph 70 of the Complaint.

71.     Insurers refer to the Policies for the contents thereof and Insurers deny any allegations inconsistent therewith asserted in paragraph 71 of the Complaint.

72.     Insurers deny the allegations asserted in paragraph 72 of the Complaint.

73.     Insurers deny the allegations asserted in paragraph 73 of the Complaint.

74.     Insurers deny the allegations asserted in paragraph 74 of the Complaint.

## COUNT III

75.     Insurers repeat and reallege each and every admission, denial, and denial of knowledge and information set forth in paragraphs 1-74 as if set forth herein at length.

76.     Insurers deny the allegations asserted in paragraph 76 of the Complaint.

77.     Insurers deny the allegations asserted in paragraph 77 of the Complaint.

78.     Insurers deny the allegations asserted in paragraph 78 of the Complaint.

79.     Insurers deny the allegations asserted in paragraph 79 of the Complaint.

80.     Insurers deny the allegations asserted in paragraph 80 of the Complaint.

81.     Insurers deny the allegations asserted in paragraph 81 of the Complaint.

8

## COUNT IV

82.     Insurers repeat and reallege each and every admission, denial, and denial of knowledge and information set forth in paragraphs 1-81 as if set forth herein at length.

83.     Insurers refer to the Policies for the contents thereof and Insurers deny any allegations inconsistent therewith asserted in paragraph 83 of the Complaint.

84.     Insurers deny the allegations asserted in paragraph 84 of the Complaint.

85.     Insurers deny the allegations asserted in paragraph 85 of the Complaint.

86.     Insurers deny the allegations asserted in paragraph 86 of the Complaint.

87.     Insurers deny the allegations asserted in paragraph 87 of the Complaint.

88.     Insurers deny the allegations asserted in paragraph 88 of the Complaint.

89.     Insurers deny the allegations asserted in paragraph 89 of the Complaint.

90.     Insurers deny the allegations asserted in paragraph 90 of the Complaint.

91.     Insurers deny the allegations asserted in paragraph 91 of the Complaint.

92.     Insurers deny the allegations asserted in paragraph 92 of the Complaint.

## AFFIRMATIVE DEFENSES

## FIRST AFFIRMATIVE DEFENSE

93.     The Complaint fails to state a claim upon which relief may be granted against Insurers.

## SECOND AFFIRMATIVE DEFENSE

94.     The losses claimed by Plaintiff occurred outside the scope of the relevant contract of insurance.

9

## THIRD AFFIRMATIVE DEFENSE

95.     Defendant incorporate the terms, conditions, exclusions and limitations of the Policies as if set forth herein at length.

## FOURTH AFFIRMATIVE DEFENSE

96.     Plaintiff has failed to satisfy all conditions precedent to bring this lawsuit.

## FIFTH AFFIRMATIVE DEFENSE

97.     At all times, Insurers did and continue to act in good faith

## SIXTH AFFIRMATIVE DEFENSE

98.     If Plaintiff suffered any loss, which is denied, such loss resulted solely from the fault of the Plaintiff and/or others for whom Insurers are not responsible, and not as a result of any fault of Insurers.

## SEVENTH AFFIRMATIVE DEFENSE

99.     Plaintiff's alleged losses are not covered, in whole or in part, under the Policies.

## EIGHTH AFFIRMATIVE DEFENSE

100.     The Policies provide, in relevant part:

**Duration of Cover Clause**
. . .
With respect to storage risks provided hereunder it is understood and agreed that claims, if any, for loss or damage which are discovered after inception date be recoverable hereunder unless it can be clearly established that such loss or damage occurred prior to inception of cover hereunder.

101.     Therefore, to the extent that it is clearly established that the alleged losses asserted in the Complaint occurred prior to inception of the Policies, Insurers have no liability to Plaintiffs.

## NINTH AFFIRMATIVE DEFENSE

102.     To the extent that the alleged losses asserted in the Complaint were caused by inherent vice, Insurers have no liability to Plaintiff.

10

## TENTH AFFIRMATIVE DEFENSE

103.     Plaintiff bears the burden of and has not established that the alleged losses asserted in the Complaint resulted from an external cause or fortuitous event and, therefore, Insurers have no liability to Plaintiff.

## ELEVENTH AFFIRMATIVE DEFENSE

104.     The Policies provide, in relevant part:

> **Notice of Loss**
> Loss or damage which may become a claim under this Insurance shall be advised to Insurers as soon as practicable after it becomes known to the Insurance Risk Manager. Failure of the Insured to report said loss or damage within a reasonable time shall not invalidate any claims under this Insurance.

105.     Therefore, to the extent that it is established that timely notice was not provided, Insurers have no liability to Plaintiff.

## TWELFTH AFFIRMATIVE DEFENSE

106.     Insurers were prejudiced by Plaintiff's failure to provide a timely notice of loss in accordance with the Policies.

## THIRTEENTH AFFIRMATIVE DEFENSE

107.     The Policies provide, in relevant part:

> The following Warranties shall be paramount and shall not be modified or superseded by any other provision included herein or stamped or endorsed hereon unless such other provision refers specifically to the risks excluded by these Warranties and expressly assumes said risks:-
> . . .
> C  Warranted free of claim for loss of market or for loss, damage or deterioration arising from delay, whether caused by a peril insured against or otherwise.

108.     Therefore, to the extent that Plaintiff seeks to recover loss of market or for loss, damage or deterioration arising from delay, Insurers have no liability to Plaintiff.

11

## FOURTEENTH AFFIRMATIVE DEFENSE

109.    Insurers have not engaged in any unfair or deceptive claim settlement practices.

## FIFTEENTH AFFIRMATIVE DEFENSE

110.    Plaintiff is not entitled to recover punitive damages.

## TWENTIETH AFFIRMATIVE DEFENSE

111.    Defendants expressly reserve and do not waive their right to invoke any and all rights, remedies, defenses, terms, conditions precedent or other conditions, limitations or exclusions set forth in the relevant contract of insurance, at law, in equity or otherwise. Further, Defendants expressly reserve the right to amend, correct or otherwise modify its coverage position as additional facts or documents become known.

**WHEREFORE**, defendant Insurers demand judgment dismissing the Complaint, entering judgment in their favor and granting Insurers their costs and disbursements of this action, and granting such other and further relief as the Court deems just and proper.

Dated: December 10, 2019

CLARK, NEWTON & EVANS, PA
By: /s/ Don T. Evans, Jr.
NC BAR 19003
509 Princess Street
Wilmington, NC  28401
(910) 762-8743 (ph)
(910) 762-6206 (fx)
dte@clarknewton.com

HILL RIVKINS LLP
Attorneys for Defendants
By:    /s/ James A. Saville, Jr.
James A. Saville, Jr.
45 Broadway, Suite 1500
New York, New York 10006
(212) 669-0600
jsaville@hillrivkins.com

**<u>CERTIFICATE OF SERVICE</u>**

I certify that I have electronically filed the foregoing ANSWER with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following:

Cory Hohnbaum:  chohnbaum@kslaw.com

Don T. Evans, Jr.: dte@clarknewton.com

And by regular U.S. first-class mail to:

Cory Hohnbaum, Esq.
King & Spalding LLP
300 S Tryon Street, Suite 1700
Charlotte, NC  28202

Dated: 10 December 2019

CLARK, NEWTON & EVANS, P.A.
*Counsel for Defendants*

<u>/s/ Don T. Evans, Jr.</u>
NC Bar. No. 19003
509 Princess Street
Wilmington, NC 28401
Telephone: (910) 762-8743
Facsimile: (910) 762-6206
SPB@clarknewton.com

13