IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:19-cv-00430-BO

| | |
|---|---|
| U.S. Tobacco Cooperative Inc., ) | |
| ) | |
| Plaintiff, ) | |
| ) | **U.S. TOBACCO COOPERATIVE INC.'S** |
| v. ) | **MEMORANDUM OF LAW IN** |
| ) | **SUPPORT OF ITS MOTION TO** |
| Certain Underwriters at Lloyd's subscribing to ) | **COMPEL** |
| Policy Numbers B1353DC1703690000 and ) | |
| B1353DC1602041000, ) | |
| ) | |
| Defendants. ) | |

In accordance with Rules 26, 33, 34, 36, and 37 of the Federal Rules of Civil Procedure and Rules 7.1, 7.2, 26.1, 33.1, 34.1, and 36.1 of the Local Rules of this Court, U.S. Tobacco Cooperative Inc. ("USTC") hereby files its Memorandum of Law in Support of Its Motion to Compel ("Motion"), stating as follows:

## I.  CERTIFICATE OF CONFERRAL

Pursuant to Rule 37 of the Federal Rules of Civil Procedure and Local Rule 7.1(c), USTC certifies it has made a good faith effort to resolve the discovery issues in this Motion with counsel for Certain Underwriters at Lloyd's ("Insurers"), including by sending letters and emails on December 31, 2019, January 21, January 23, February 3, and February 6, 2020 and holding calls on January 22 and February 5, 2020.

## II.  INTRODUCTION AND NATURE OF THE CASE

This insurance coverage dispute arises out of Insurers' failure to reimburse USTC for over $10 million in losses that it sustained after water ruined its tobacco product. Throughout this litigation, Insurers have willfully and repeatedly ignored deadlines and Court rules. For example,

USTC served interrogatories on December 13, 2019, and Insurers have still not responded or asked for an extension. Similarly, Insurers' responses to USTC's document requests and requests for admission were served after the deadline and are otherwise deficient. Insurers have largely ignored USTC's requests to remedy these and other deficiencies as set forth below. Because USTC continues to be prejudiced by Insurers' dilatory attitude toward discovery in this case, it had no choice but to file this Motion. USTC should not have to send repeated reminders about discovery deadlines, and it is entitled to the information from Insurers' files that it needs to prepare for trial. The Court should find that Insurers' discovery objections are waived, order Insurers to provide the information requested herein, and award USTC all fees and costs associated with this Motion.

### III. STATEMENT OF FACTS

**A. Throughout this Litigation, Insurers have Repeatedly Ignored Deadlines.**

Insurers' late discovery responses are symptomatic of Insurers' general attitude toward this litigation. Before discovery commenced, Insurers missed the deadline to file their Financial Disclosures by over a month, and the deadline to file a required notice of removal by over three months. (L.R. 5.3(a)(2), 7.1(b)(1); Sept. 30 & Oct. 25, 2019 Doc. Text. Entries; Docs. 7, 15). Insurers' Answer was also late. Specifically, after USTC filed its Complaint on August 16, 2019, at Insurers' request, and after their continued assurances they wanted to resolve the claim in good faith, USTC agreed not to serve the Complaint for several weeks. (Dec. 10, 2019 email from M. Magruder, Ex. 1). USTC then agreed to multiple extensions for filing the Answer, ultimately acquiescing to Insurers' promise that they would file their Answer by December 6, 2019. (*Id.*; Dec. 3, 2019 email from M. Magruder, Ex. 2). Insurers did not file their Answer on December 6 and did not request an extension. (Ex. 1). On December 9, Insurers' counsel stated, "Our Answer will be field [sic] today." (Dec. 9, 2019 email from J. Saville, Ex. 3). Insurers also missed this

2

Case 5:19-cv-00430-BO    Document 29    Filed 04/04/20    Page 2 of 12

unilateral deadline and did not file their Answer until after USTC again followed up with Insurers the next day (Ex. 1).

## B. Insurers' Initial Disclosures Are Deficient.

Insurers' initial disclosures are also deficient under Rule 26(a)(1)(A)(ii), (iv). (Defs. Rule 26(A)(1) Disclosures ("Initial Disclosures"), Ex. 4). USTC explained to Insurers that the Initial Disclosures were deficient because they did not (1) disclose or produce a copy of Insurers' reinsurance agreements or (2) sufficiently disclose (or produce) documents reasonably available to Insurers. (Dec. 31, 2019 Ltr. from S. Guilbert, Ex. 5). After two meet and confer calls on January 22 and February 5, 2020, Insurers said they would supplement their Initial Disclosures and produce related documents on January 31, 2020, and then—after missing that deadline—stated they would update their Initial Disclosures by February 7 and begin document production on February 6, 2020. (Jan. 23, 2020 email from M. Magruder, Ex. 6; Feb. 3, 2020 email from M. Magruder, Ex. 7; Feb. 6, 2020 email from A. Dehnel, Ex. 8). Insurers missed both deadlines and did not ask for extensions. Although Insurers produced minimal documents on February 14 and 19, they are inadequate and do not address the deficiencies. To date, Insurers have still not updated their Initial Disclosures.

## C. Insurers Have Failed to Meet Many Discovery Deadlines.

### 1. Insurers Served Their Discovery Responses Late.

On December 13, 2019, USTC served its First Interrogatories ("Interrogatories"), First Requests for Admissions ("RFAs"), and First Requests for Production ("RFPs") (collectively, "Discovery Requests"). (Dec. 13, 2019 email from A. Dehnel and attachments, Exs. 9-12).[1] Under

---

[1] Insurers' counsel agreed to accept email service. (Dec. 13, 2019 email from J. Saville, Ex. 13).

3

the Federal Rules of Civil Procedure, the Scheduling Order, the Parties' Rule 26(f) Report, and the Discovery Requests, Insurers' responses to the Discovery Requests were due on January 15, 2020. USTC reminded Insurers of this deadline on December 31, 2019. (Ex. 5). Insurers did not seek an extension of those deadlines, all of which were missed.

USTC received responses to the RFAs and RFPs on January 22, 2020. (Apr. 2, 2020 Declaration of Amy Dehnel ("Dehnel Dec."), ¶ 8). Both were dated January 16, 2020 (one day after the deadline), but there was no certificate of service indicating when they were placed in the mail. (*Id.*, ¶ 9; Defs. Response to First RFAs, Ex. 14; Defs. Response to First RFPs, Ex. 15). Insurers still have not served responses to the Interrogatories. (Dehnel Dec., ¶ 10).

### 2. USTC's Meet and Confer Efforts.

The Parties had a call on January 22, 2020, during which Insurers' counsel stated that Insurers would serve interrogatory responses and begin document production by January 31, producing documents on a rolling basis through February 14, 2020. (Jan. 21, 2020 email from M. Magruder, Ex. 16; Ex. 6). Insurers did not meet these deadlines.

The Parties had another call on February 5, 2020, and Insurers stated they would begin document production on February 6, concluding the entire production by February 13. (Ex. 8). Insurers also stated they would respond to the Interrogatories, but did not confirm when or ask for an extension. (*Id.*). Insurers' counsel also acknowledged Insurers' objections had been waived but stated he would produce a privilege log on February 13 and inform USTC if Insurers were not withholding documents based on their objections. (*Id.*). Insurers also stated they would search Hill Rivkins LLP for responsive documents for the time period it was involved in the claim investigation, and if any documents were responsive but withheld, they would be logged on the privilege log. (*Id.*).

4

The Parties also conferred about the following specific RFPs:[2] (1) numbers 12 and 19, because Insurers objected to producing reserve and reinsurance information, and USTC referenced its December 31, 2019 letter, which cited case law demonstrating that reinsurance information is relevant, and explained that courts throughout the country have found reserve information relevant; and (2) numbers 25 and 31, because Insurers claimed the information sought was not relevant, and USTC explained that information relating to loss reserves and similar claims was relevant. (*Id.*). Insurers' counsel stated he would send a letter by February 7 providing a basis for his objections. (*Id.*). He did not send the letter until February 10—three days after it was promised. (Feb. 10, 2020 letter from J. Saville, Ex. 17).

Despite promises to complete production by February 13, 2020, Insurers produced only limited sets of documents on February 14 and 19, which are inadequate. (Feb. 14, 2020 emails from J. Saville, Ex. 18; Feb. 19, 2020 emails from J. Saville, Ex. 19). On February 19, Insurers' counsel stated, "Documents have been withheld on basis of privilege and work product and privilege log will follow." (Ex. 19). Insurers have still not produced a privilege log.

## IV. ARGUMENT AND CITATIONS OF AUTHORITY

Federal Rule of Civil Procedure 37 allows a party to move to compel disclosures and discovery responses. Fed. R. Civ. P. 37(a)(1), (3). The Court may also award sanctions listed in Rule 37(b)(2)(A)(i)-(vi), and "[i]nstead of or in addition to these sanctions, ***the court must require the party failing to act, the attorney advising that party, or both to pay the reasonable expenses,*** including attorney's fees, caused by the failure." *Id.* 37(d)(1), (3) (emphasis added). The Court

---

[2] The Parties also conferred about the responses to RFP numbers 5-8 and 15, in which Insurers objected to the timeframe including January 1, 2014. It appears Insurers are no longer relying on this objection because they produced limited documents from 2014. If, however, Insurers still claim this objection applies, they should inform USTC and USTC reserves the right to address it.

"enjoys wide discretion in determining whether to issue sanctions under Rule 37." *Felix v. United States Attorney Gen.*, No. 2:18-CV-31-BO, 2019 WL 4962579, at *1 (E.D.N.C. Oct. 7, 2019).

A. **Insurers' Objections Are Waived, and The Court Should Compel Full Responses.**

When discovery objections are not timely made, they are waived. *United States v. $43,660.00 in U.S. Currency*, No. 1:15CV208, 2016 WL 1629284, at *5 (M.D.N.C. Apr. 22, 2016) ("[F]ailure to timely raise the objection and privilege resulted in their waiver."); *Vinson v. State Farm Fire & Cas. Co.*, No. 2:11-CV-9-BO, 2011 WL 13143917, at *2 (E.D.N.C. Oct. 20, 2011).

Insurers' responses to USTC's Discovery Requests were due on January 15, 2020. USTC received Insurers' RFA and RFP responses on January 22, 2020. (Dehnel Dec., ¶ 8 ). Both sets of responses were dated January 16, 2020 but did not include a certificate of service. (*Id.*, ¶ 9). *Livesay v. Carolina First Bank*, No. 1:06CV45, 2006 WL 8455976, at *1 (W.D.N.C. Dec. 20, 2006) (without a certificate of service, it is "impossible to know the exact date of service"). Further, over two months after the responses were due, USTC has still not received responses to the Interrogatories, and Insurers never requested an extension. The Court should find that Insurers' objections to USTC's Discovery Requests are waived and order Insurers to respond in full.

B. **Insurers Should Supplement Their Initial Disclosures.**

Initial disclosures should be "based on the information then reasonably available" and parties are "not excused from making [their] disclosures because [they have] not fully investigated the case." *Xyngular Corp. v. Schenkel*, No. 2:12cv876, 2013 WL 5435488, at *2 (D. Utah Sept. 30, 2013); *see also Palacino v. Beech Mountain Resort, Inc.*, No. 1:13cv334, 2015 WL 8731779 (W.D.N.C. Dec. 11, 2015). Failure to produce "reasonably available" information can result in sanctions. *Palacino*, 2015 WL 8731779, at *3 (finding insurance policy reasonably available and awarding sanctions for nondisclosure). Insurers' Initial Disclosures are deficient for two reasons.

6

First, Insurers refused to produce reinsurance information. "As a number of courts have held, reinsurance agreements fit within the plain language of [Fed. R. Civ. P. 26(a)(1)(A)(iv)] when the primary insurer is named as a party." *Suffolk Fed. Credit Union v. Cumis Ins. Soc., Inc.*, 270 F.R.D. 141, 142 (E.D.N.Y. 2010); *see also Newmont USA Ltd. v. Am. Home Assurance Co.*, No. CV-09-033-JLQ, 2010 WL 11507898, at *2 (E.D. Wash. Sept. 14, 2010) (finding "[t]he majority of federal district courts" hold that reinsurance agreements "must" be produced "as part of initial disclosures"). By merely stating, "Defendants refer to Policy Numbers B1353DC1703690000 and B1353DC1602041000" (the Policies Insurers issued to USTC), and not disclosing their separate reinsurance policies, Insurers' disclosures are deficient. (Ex. 4, at 3).

Second, initial disclosures "should describe and categorize . . . the nature and location of potentially relevant documents and records, including computerized data and other electronically-recorded information, sufficiently to enable opposing parties . . . to make an informed decision concerning which documents might need to be examined." Fed. R. Civ. P. 26 (note re 1993 Am.); *see Kilroy v. L.A. Unified Sch. Dist. Bd. of Educ.*, No. CV 16-09068-DMG(JDE), 2017 WL 10544624, at *3 (C.D. Cal. Oct. 5, 2017) (initial disclosures deficient when defendants "did not include the location of the items identified"). Under this standard, Insurers' document disclosure is deficient. While Insurers vaguely reference "claims files," they do not disclose which Insurer(s) maintains those files, where they are maintained, or what constitutes "claims files." (Ex. 4, at 2). They also do not disclose several relevant documents that are reasonably available (*e.g.*, the relevant Policies). (*Id.*). The Court should order Insurers to supplement these disclosures.

C.  **Insurers' Objections to USTC's Discovery Requests are Unsupported.**

If the Court does not find that Insurers waived their objections by failing to timely serve discovery responses, the objections should still be overruled because they are entirely unsupported.

7

### 1. USTC is Entitled to Loss Reserve Information Relating to the Claim.

Insurers have refused to provide any information relating to loss reserves in response to RFP numbers 19 and 25 on the grounds that it is irrelevant and/or protected by privilege or work product. Information and communications regarding reserves may contain analysis describing Insurers' investigation and interpretation of the relevant Policies, admissions regarding coverage, or Insurers' assessment of coverage. Courts around the country have found this information relevant. *See, e.g.*, *Cent. Ga. Anesthesia Servs., P.C. v. Equitable Life Assurance Soc'y of U.S.*, No. 5:06-cv-25(CAR), 2007 WL 2128184 at *2 (M.D. Ga. July 25, 2007); *Retail Ventures, Inc. v. Nat'l Union Fire Ins. Co.*, No. 2:06-CV-443, 2007 WL 3376831, at *4-5 (S.D. Ohio Nov. 8, 2007); *Soc'y Corp. v. Am. Cas. Co. of Reading, Pa.*, No. 1:91CV0327, 1991 WL 346302, at *1 (N.D. Ohio July 24, 1991); *Kabatoff v. Safeco Ins. Co. of Am.*, 627 F.2d 207, 208, 210 (9th Cir. 1980). Even the cases cited in Insurers' letter, (Ex. 17, at 2), confirm these materials should be produced. *Cummins, Inc. v. Ace Am. Ins. Co.*, No. 1:09-CV-00738-JMS, 2011 WL 130158, at *12 (S.D. Ind. Jan. 14, 2011) ("Discussions about coverage in connection with loss reserves are not wholly irrelevant"); *Compton v. Allstate Prop. & Cas. Ins. Co.*, 278 F.R.D. 193, 198 (S.D. Ind. 2011) (not allowing insurers to redact reserves information); *Wachovia Bank v. Clean River Corp.*, 178 N.C. App. 528, 534, 631 S.E.2d 879, 883-84 (2006) (reserve information discoverable). This information should be produced.

### 2. USTC is Entitled to Information Relating to Insurers' Reinsurance.

Insurers also refused to provide reinsurance information in response to RFP number 12 on the basis of relevance, privilege, and/or work product objections. These objections are baseless. Setting aside that Insurers' reinsurance agreements should have been produced with their Initial Disclosures, federal courts routinely require insurers to produce reinsurance agreements, related

8

documents, and communications with reinsurers in coverage disputes. *See, e.g.*, *City of Atlanta v. Allianz Global Risks U.S. Ins. Co.*, No. 1:13-CV-2249-ODE, 2015 WL 11233454, at *3 (N.D. Ga. Sept. 17, 2015); *Heights at Issaquah Ridge Owners Ass'n v. Steadfast Ins. Co.*, No. C07-1045RSM, 2007 WL 4410260, at *4 (W.D. Wash. Dec. 13, 2007); *Simon v. Pronational Ins. Co.*, No. 07-60757-CIV, 2007 WL 4893477, at *2 (S.D. Fla. Nov. 1, 2007); *U.S. Fire Ins. Co. v. Bunge N. Am. Inc.*, No. 05-2192-JWL-DJW, 2007 WL 1531846, at *5-6 (D. Kan. 2007), *aff'd*, 244 F.R.D. 638 (D. Kan. 2007). Reinsurance-related information can reveal whether the "insurers believe[] that the[] policies cover[] the claims," *Nat'l Union Fire Ins. Co. v. Stauffer Chem. Co.*, 558 A.2d 1091, 1096-97 (Del. Super. 1989), and may elucidate the nature and extent of Insurers' investigation, Insurers' assessments regarding their potential exposure, and any reinsurers' independent assessments of liability. In their February 10 letter, Insurers provided no authority or explanation to the contrary. (Ex. 17).

### 3. USTC is Entitled to Information on Similar Claims.

Insurers have also refused to provide information relating to similar claims in response to RFP number 31 based on over breadth, relevance, privilege and work product objections.[3] Courts throughout the country have recognized that discovery into similar claims is relevant and permissible. *See*, *e.g.*, *Worth Bargain Outlet, Inc. v. AMCO Ins. Co.*, No. 09CV839 DMS (WMC), 2010 WL 11508880, at *2 (S.D. Cal. Mar. 24, 2010); *Hartford Fire Ins. Co. v. Mitchell Co.*, No. CV 08-0623-KD-N, 2010 WL 11425325, at *3 (S.D. Ala. July 15, 2010); *Simon*, 2007 WL

---

[3] Insurers also mention burden and confidentiality concerns in their letter. (Ex. 17, at 4). The basis for these boilerplate objections were not articulated in the Insurers' discovery responses, the Insurers have not identified any documents withheld on the basis of these vague objections, and thus, they should be deemed waived and/or overruled.

9

4893477, at *2; *Southard v. State Farm Fire & Cas. Co.*, No. CV411-243, 2012 WL 2191651, at *4 (S.D. Ga. June 14, 2012). Insurers' objections are wholly unsupported.

### 4. Insurers Should Produce a Privilege Log and Disclose Whether They Are Withholding Documents Based on Their Objections.

Almost every one of Insurers' responses to the RFPs includes an objection based on "attorney-client privilege, attorney work product doctrine or other applicable privilege." (Ex. 15, Nos. 1-16, 18-31). If Insurers contend specific, responsive documents are protected by privilege or work product, and the Court does not find the objections waived, the Insurers must log each document and provide the basis for privilege. *Solis v. Food Emp'rs Labor Relations Ass'n,* 644 F.3d 221, 232 (4th Cir. 2011). Insurers have refused to produce a privilege log. Moreover, they have not disclosed whether they were withholding information based on their other general, boilerplate objections, as they said they would. (Ex. 8). USTC is entitled to this information.

### D. The Court Should Award USTC Sanctions

As set forth herein, Insurers have repeatedly ignored deadlines in this case and prevented USTC from taking meaningful discovery for months. USTC is, therefore, entitled to its fees and costs in filing this Motion and any other sanctions the Court deems appropriate.

### V. CONCLUSION

WHEREFORE, for all these reasons, USTC requests that this Court find that Insurers' discovery objections are waived; order Insurers to provide the information requested herein, including responding fully to USTC's Discovery Requests and supplementing the Insurers' Initial Disclosures; and award USTC all fees and costs associated with this Motion, as well as any other sanctions the Court finds appropriate.

10

Date: April 3, 2020.

/s/ Cory Hohnbaum
Cory Hohnbaum
KING & SPALDING LLP
300 S. Tryon Street
Suite 1700
Charlotte, NC 28202
(704) 503-2600
Fax: (704) 503-2622
chohnbaum@kslaw.com
N.C. Bar No.: 17453
Local Civil Rule 83.1(d) Counsel for *Plaintiff U.S. Tobacco Cooperative Inc.*

Meghan H. Magruder*
Shelby S. Guilbert, Jr.*
Amy E. Dehnel*
KING & SPALDING LLP
1180 Peachtree Street, NE
Atlanta, GA 30309
mmagruder@kslaw.com
sguilbert@kslaw.com
adehnel@kslaw.com
(404) 572-4600

*Attorneys for Plaintiff U.S. Tobacco Cooperative Inc.*

*\* Notices of Special Appearance forthcoming*

11

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:19-cv-00430-BO

| | |
|---|---|
| U.S. Tobacco Cooperative Inc., ) | |
| ) | |
| Plaintiff, ) | |
| ) | **CERTIFICATE OF SERVICE** |
| v. ) | |
| ) | |
| Certain Underwriters at Lloyd's subscribing to ) | |
| Policy Numbers B1353DC1703690000 and ) | |
| B1353DC1602041000, ) | |
| ) | |
| Defendants. ) | |

I hereby certify that on April 3, 2020, I electronically filed the foregoing **U.S. TOBACCO COOPERATIVE INC.'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO COMPEL** with the Clerk of Court using the CM/ECF System, which automatically sends email notification of such filing to the attorneys of record.

*/s/ Cory Hohnbaum*
Cory Hohnbaum