UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
5:19-cv-430

----------------------------------X
U.S. TOBACCO COOPERATIVE, INC.,                :
                                               :
              Plaintiff,                       :
                                               : **DEFENDANTS' OPPOSITION**
v.                                             : **TO PLAINTIFF'S MOTION FOR**
                                               : **PARTIAL SUMMARY JUDGMENT**
CERTAIN UNDERWRITERS AT LLOYD'S                :
SUBSCRIBING TO POLICY NUMBERS                  :
B1353DC1703690000 and                          :
B1353DC1602041000,                             :
                                               :
              Defendants.                      :
----------------------------------X

## PRELIMINARY STATEMENT

One single day. Plaintiff U.S. Tobacco Cooperative, Inc.'s ("Plaintiff" or "USTC") motion for partial summary judgment is based solely on a clerical error of one day which resulted in Defendants Certain Underwriters at Lloyd's Subscribing to Policy Numbers B1353DC1703690000 and B1353DC1602041000, ("Underwriters" or "Defendants"), responses to USTC's Requests for Admission (the "Response") being served one day late. Instead of being served on January 15, 2020, Underwriters' Response was served on January 16, 2020, and USTC seeks to take advantage of this one day as a basis for its motion for partial summary judgment. As the law does not support such a conclusion, Underwriters respectfully submit that USTC's motion for partial summary judgment must be denied.

# FACTUAL BACKGROUND

This case involves an insurance dispute regarding a claim for damage to tobacco. Defendants, Certain Underwriters at Lloyd's, issued Marine Stock throughput Insurance Policy B1353DC1602041000 to USTC for the policy period of 30 April 2016 to 20 April 2017 (the "2016-2017 Policy") and policy number B1353DC1703690000 with a policy period of 30 April 2017 to 30 April 2018 (the "2017-2018 Policy" together with the 2016-2017 Policy, the "Policies"). *See* Statement of Material Fact ("SOMF") ¶1, 2. Therefore, to the extent that damage to some or all of the tobacco occurred prior to April 30, 2016, it would not be covered by the Policies. Subject to the Policies terms, conditions, limitations and exclusions, the Policies state:

[REDACTED]

In April 2018, USTC reported a claim for alleged damage to some of its tobacco product stored in certain warehouses located in Fuquay-Varina, North Carolina. SOMF ¶5. After the claim was reported, the tobacco product was inspected on a number of occasions and documentation and information was provided by USTC as part of the claims process. *See, e.g.,* SOMF ¶7, 22. Based on the information and documentation presented by USTC, Insurers issued several reservations of rights, including those dated September 7, 2018 and January 4, 2019. SOMF ¶17.

On August 16, 2019, USTC filed suit in the Wake County Superior Court. Insurers timely removed the action to this Court on September 27, 2019. USTC has taken the position that the damage to its tobacco product was the result of an [REDACTED]. Insurers have consistently taken the position that no [REDACTED] has been demonstrated, a burden that USTC bears. In addition to the various reservations of rights, on October 2, 2019, Insurers' counsel responded to a September 10, 2019, letter from USTC's counsel, once again outlining Insurers' position (the

"October Letter"). *See* Saville Aff. ¶5, Ex. C. With respect to external cause, the October Letter stated:

[redacted]

Additionally, the October Letter pointed out several inconsistencies with USTC's Insurance Claim noting:

[redacted]

[redacted]





*See* Saville Aff. ¶5, Ex. C.

Plainly, both before and after suit was filed, based on the various exchanges between and among counsel, USTC and Insurers, the parties' positions have been clear.

On December 13, 2019, USTC's counsel served via email, *inter alia*, a First Set of Requests for Admissions ("RFA") and a First Set of Request for Production ("RFP"). Defendants do not dispute that responses to the foregoing requests were due 33 days after service, or January 15, 2020. However, due to a clerical error, the response date was logged as January 16, 2020. *See* Affirmation of James A. Saville, Jr. dated April 30, 2020, ¶2 (hereinafter "Saville Aff."). As a result, Defendants' Response to USTC's RFA and RFP were served via U.S. Mail on January 16, 2020. *See* Saville Aff. ¶3, Ex. A.[1] According to USTC's counsel they were not received until January 22, 2020, a date we have no reason to question. Following a meet and confer regarding Defendants' Response to the RFP, on February 10, 2020, Defense counsel set out its position with respect to certain requests. *See* Saville Aff. ¶7. No response was received from USTC's counsel. *Id.* On February 14, 2020, Defendants produced nearly 1,400 pages of responsive documents and hundreds more on April 28. *Id.*

---

[1] To alleviate any concern that the affidavit of service was not prepared on January 16, 2020, we have provided a screenshot of the Firm's internal system that shows that affidavit of service and the Responses to the RFA and RFP were generated on January 16, 2020. *See* Saville Aff. ¶4, Ex. B.

4

USTC has seized on this one-day, excusable delay as a basis to argue that the RFA should be deemed admitted and, therefore, summary judgment should be granted in its favor. However, not only does the law not support such a conclusion, but there are clearly questions of fact that would otherwise preclude the entry of summary judgment. Discovery is not currently set to close until June 15, 2020, but due to current national and international circumstances and restrictions in place since mid-March, depositions have not gone forward. The parties are discussing potential dates in June. However, as all Insurers' witnesses are located in London and locations where witnesses and counsel reside and work are still under a stay-at-home order, defendants reserve the right to move before this Court to extend the current deadline, if necessary.

## ARGUMENT

### A ONE DAY DELAY IN SERVING THE RFA RESPONSE DOES NOT JUSTIFY SUMMARY JUDGMENT

Undoubtedly, the central issue in this case is coverage and, based on the parties' exchanges both before and after the filing of suit, that very issue will be the subject of expert reports and opinions regarding, *inter alia,* the origin, timing and growth of the mold present on the tobacco. To the extent that USTC intends to present experts, those reports are not due until June 15, and Insurers' reports are not due until August 31, 2020. Seeking to short circuit the discovery process, USTC moves for partial summary judgment attempting to take advantage of a one-day, excusable delay in serving responses to USTC's RFA. This type of gamesmanship should not be permitted and, Defendants respectfully submit that USTC's motion for partial summary judgment must be denied.

As this Court is well aware, Rule 36 of the Federal Rules of Civil Procedure provides, in relevant part:

> **(3)** *Time to Respond; Effect of Not Responding.* A matter is admitted unless, within 30

> days after being served, the party to whom the request is directed serves on the requesting party a written answer or objection addressed to the matter and signed by the party or its attorney. A shorter or longer time for responding may be stipulated to under Rule 29 or be ordered by the court.

Fed. R. Civ. P. 36 (a)(3). While the Fourth Circuit has held that that unanswered requests for admissions are deemed admitted, *see Ferrellgas, L.P. v. Best Choice Products,* No.: 1:16-cv-259, 2017 WL 3142044 (4th Cir. 2017), Rule 36 "does not require the Court to treat all facts as admitted when a litigant fails to timely respond to Requests for Admission or sign belated responses". *Letren v. Trans Union, LLC,* No.: 15-cv-3361, 2017 WL 445237 (D. Md. Feb. 2, 2017). Indeed, such a decision lies within the sound discretion of the trial court. *See United States v. Turk,* 139 F.R.D. 616, 617-18 (D. Md. 1991) (recognizing that "the sanctions expressed by Federal Rule of Civil Procedure 36(a) are not mandatory" for the court.); *Nguyen v. CNA Corp.,* 44 F.3d 234 (4th Cir. 1995) (noting that it is within the district court's discretion to deem requests as admitted or whether to allow an extension of time to respond); *Gutting v. Falstaff Brewiung Corp.,* 710 F.2d 1309, 1312 (8th Cir. 1983) ("Therefore, the failure to respond in a timely fashion does not require the court automatically to deem all matters admitted.").

The present case does not involve a circumstance in which a litigant utterly failed to respond to Requests for Admissions or one in which a party responded weeks, or even months late. This is a case in which responses were served one day late, based on a clerical error in logging the response date. *See* Saville Aff. ¶2. Given the one-day delay in serving the Response, Defendants respectfully submit that the Court, in the interest of justice, may deem Defendants' Response to be timely and proper. *See Letren,* 2017 WL 445237 *5 (holding "the Court does not believe that, under the circumstances presented here, it would further the interests of justice to deem Plaintiff to have admitted these central facts, given the Fourth Circuit's strong policy that cases be decided on their merits.) *See also United States v. Shaffer Equip. Co.*, 11 F.3d 450, 453 (4th Cir. 1993);

*Hadra v. Herman Blum Consulting Engineers*, 74 F.R.D. 113, 114 (N.D. Tex. 1977) ("It does not further the interests of justice to automatically determine all the issues in a lawsuit and enter summary judgment against a party because a deadline is missed."). To the extent that a motion is required to deem Defendants' Responses timely and proper, Defendant respectfully submits that its actions in opposing USTC's motion, constitute such a request. *See In re Brown,* No. 17-50103, 2018 WL 910139 (M.D. N.C. Feb, 14, 2018) ("A request . . . may be made orally or may be imputed from a party's actions); *J&J Sports Prods. V. Mumford,* 10-2967, 2012 WL 1409588 (D. Md. Apr. 20, 2012).

Alternatively, in an exercise of discretion a Court may permit withdrawal or amendment of admissions, considering if: "(i) the withdrawal or amendment would promote the presentation of the merits of the action and (ii) the court is not persuaded that it would prejudice the party that has obtained the admissions." *Ferrellgas,* 2017 WL 3142044 *3; *Bailey v. Christian Broad. Network,* 83 Fed. App'x 808, 810 (4th Cir. 2012) (concluding that a court's "failure to consider the Rule 36(b) factors in ruling on a motion to file RFAs out of time constitutes an abuse of discretion".).

As noted earlier, this is not a case in which Defendants failed to respond to the Requests for Admissions or filed a response long after the expiry of the deadline. In fact, as evidence by the Affidavit of Service and the Response themselves, the Response was served one day late as a result of a clerical error. *See* Saville Aff. ¶2, 3. USTC received Defendant's Response on January 22, and has sustained no harm as a result of the one-day delay. Therefore, allowing Defendants' Response to stand, clearly promotes the presentation of the case on its merits.

Similarly, USTC has not been and will not be prejudiced by allowing the Response to stand. As to the second Rule 36(b) factor—whether there is prejudice to the party relying on the

admissions—courts weigh "the difficulty the party opposing the motion to withdraw will face as a result of the sudden need to obtain evidence to prove the matter it had previously relied upon as answered." *Id.* at *4 (quotation omitted); *see also Kerry Steel, Inc. v. Paragon Indus., Inc.*, 106 F.3d 147, 154 (6th Cir. 1997) ("[Prejudice] is not simply that the party who initially obtained the admission will now have to convince the fact finder of its truth. Prejudice under Rule 36(b), rather, relates to special difficulties a party may face caused by a sudden need to obtain evidence upon withdrawal or amendment of an admission" (quotation and citation omitted)). As Defendant argues, a party's reliance on a deemed admission in preparing a summary judgment motion does not, without more, constitute prejudice to justify denial of a motion to withdraw or amend the admissions. (ECF No. 31–1 at 4–5.) However, "[w]ith the passage of time and as each moment for response ... slipped by, [Defendant's] burden for withdrawal of the deemed admissions is raised and the prejudice to [Plaintiffs] is increased." *In re Fisherman's Wharf Fillet, Inc.*, 83 F. Supp. 2d 651, 661 (E.D. Va. 1999).

To evaluate whether the party that relied on the admissions will suffer prejudice, courts consider a number of factors including, among others: (i) the number of months/length of time after the deadline to respond to requests for admissions; (ii) the timing of the motion for withdrawal or amendment of admissions in relation to the discovery deadline; (iii) whether the relying party had forgone discovery based on the deemed admissions; (iv) the moving party's responsiveness, or lack thereof, to discovery requests or communications; and (v) whether the moving party received notice from the relying party or the court of the consequences of failing to respond to discovery requests. *See Precision Franchising, LLC v. Gatej*, No. 1:12cv158 (JCC/TCB), 2012 WL 6161223, at *7 (E.D. Va. Dec. 11, 2012) (citing cases). Consideration of the foregoing

factors, especially the one-day delay, weighs heavily in favor of allowing Defendants' Response to the RFA to stand.

Additionally, discovery is ongoing and, based on current national and international circumstances, depositions have not gone forward. Further, as noted, expert reports and opinions will play a critical role in this case and such reports are due over the Summer with depositions to follow. Therefore, facts and information critical to the fact-finder's ultimate decision have not yet been developed.

Indeed, USTC's motion is based solely on the proposition that all the Requests for Admission should be deemed admitted. However, not only does the law not support such a position, as detailed in the Reservations of Rights and defense counsel's letter of October 2, 2019, there are numerous factual issues that call into question coverage under the Policies. Plainly, based on USTC's various submission, there are numerous inconsistencies with their position:



▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮.

Therefore, Defendants respectfully submit that the interests of justice are not served and Fourth Circuit's strong policy of deciding cases on the merits would be undermined if USTC's motion for partial summary judgment is granted based on a one-day delay in serving responses to USTC's Requests for Admission.

## CONCLUSION

For the reasons set forth herein, Defendants respectfully submit that USTC's motion for partial summary judgment must be denied.

Dated: Wilmington, North Carolina
May 1, 2020

CLARK, NEWTON & EVANS, PA

By: /s/ Seth P. Buskirk
NC BAR 36664
509 Princess Street
Wilmington, NC 28401
Tel: (910) 762-8743
Fax: (910) 762-6206
Spb@clarknewton.com
Local Civil Rule 83.1(d) Counsel for Defendants


HILL RIVKINS LLP
Attorneys for Defendants


By: /s/ James A. Saville, Jr.
James A. Saville, Jr.*
45 Broadway - Suite 1500
New York, New York 10006
Tel: (212) 669-0600
Fax: (2120669-0698
jsaville@hillrivkins.com
*Notice of Special Appearance Forthcoming

TO:

Cory Hohnbaum
KING & SPALDING LLP
300 S. Tryon Street
Suite 1700
Charlotte, NC 28202
(704) 503-2600
Fax: (704) 503-2622
chohnbaum@kslaw.com
N.C. Bar No.: 17453
Local Civil Rule 83.1(d) Counsel for *Plaintiff U.S. Tobacco Cooperative Inc.*

Meghan H. Magruder*
Shelby S. Guilbert, Jr.*
Amy E. Dehnel*
KING & SPALDING LLP
1180 Peachtree Street, NE Atlanta, GA 30309
mmagruder@kslaw.com
sguilbert@kslaw.com
adehnel@kslaw.com
(404) 572-4600

*Attorneys for Plaintiff U.S. Tobacco Cooperative Inc.*
*Notice of Special Appearance Forthcoming

```
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X
U.S. TOBACCO COOPERATIVE, INC.,            :
                                           :
         Plaintiff,                        :
                                   :
v.                                         : CERTIFICATE OF SERVICE
                                           :
CERTAIN UNDERWRITERS AT LLOYD'S            :
SUBSCRIBING TO POLICY NUMBERS              :
B1353DC1703690000 and                      :
B1353DC1602041000,                         :
                                           :
         Defendants.                       :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X
```

I hereby certify that on May 1, 2020, I electronically filed the foregoing **Defendant's Opposition to Plaintiff's Motion for Partial Summary Judgment** with the Clerk of Court using the CM/ECF System which automatically sends e-mail notification of such filing to the attorneys of record.

Dated: Wilmington, North Carolina
       May 1, 2020

                                                           /s/ Seth P. Buskirk