IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:19-CV-430-BO

| | |
|---|---|
| U.S. TOBACCO COOPERATIVE, INC., )<br>Plaintiff, )<br> )<br>v. )<br> )<br>CERTAIN UNDERWRITERS AT )<br>LLOYD'S SUBSCRIBING TO POLICY )<br>NUMBERS B1353DC1703690000 and )<br>B1353DC1602041000, )<br>Defendants. ) | O R D E R |

This cause comes before the Court on plaintiff's motions for partial summary judgment and to compel and defendants' motion for protective order. The appropriate responses and replies have been filed, and a hearing on the matters was held before the undersigned on August 7, 2020, at Raleigh, North Carolina. Also pending are motions to seal and to amend/correct the scheduling order. In this posture, these matters are ripe for adjudication.

## BACKGROUND

Plaintiff filed this case in Wake County Superior Court and it was removed to this Court on the basis of its diversity jurisdiction. It is an insurance coverage dispute arising out of the alleged failure of defendants to honor their policy obligations for over $10 million in losses that plaintiff sustained after water from Hurricane Matthew in October 2016 ruined tobacco product stored in plaintiff's Fuquay-Varian warehouses. The complaint alleges four claims for relief: declaratory judgment, breach of contract, bad faith, and unfair and deceptive trade practices.

Plaintiff now seeks partial summary judgment in its favor on its request for declaratory judgment and its breach of contract claim, as well as on defendants' ninth and tenth affirmative defenses. Plaintiff also seeks to compel defendants to provide certain discovery and find that

defendants' objections to discovery are waived. Finally, defendants seek a protective order to preclude plaintiff from deposing the Following Market.

## DISCUSSION

I. Motion for partial summary judgment.

A motion for summary judgment may not be granted unless there are no genuine issues of material fact for trial and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). If that burden has been met, the non-moving party must then come forward and establish the specific material facts in dispute to survive summary judgment. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 588 (1986). In determining whether a genuine issue of material fact exists for trial, a trial court views the evidence and the inferences in the light most favorable to the nonmoving party. *Scott v. Harris*, 550 U.S. 372, 378 (2007). "A dispute is genuine if a reasonable jury could return a verdict for the nonmoving party. . . . and [a] fact is material if it might affect the outcome of the suit under the governing law." *Libertarian Party of Virginia v. Judd*, 718 F.3d 308, 313 (4th Cir. 2013) (internal quotations and citations omitted).

Plaintiff seeks entry of summary judgment in its favor based upon defendants' late responses to plaintiff's requests for admission and upon what it deems as admissions of the following facts: that the policies at issue provide coverage for damage to plaintiff's tobacco product caused by any external cause; that moisture and water damage are external causes as that term is defined, and that there are no exclusions in the policies barring coverage for moisture, mold, or water damage.

2

Rule 36 of the Federal Rules of Civil Procedure provides that a matter is deemed admitted unless the party to whom the request for admission is addressed serves the requesting party a written answer or objection within thirty days. Fed. R. Civ. P. 36(a)(3). Once a matter is deemed admitted under Rule 36, it is "conclusively established" unless ruled otherwise by the Court. Fed. R. Civ. P. 36(b). Such conclusively established admissions suffice to support summary judgment. *See Adventis, Inc. v. Consol. Prop. Holdings, Inc.*, 124 F. App'x. 169, 173 (4th Cir. 2005) (quoting *Langer v. Monarch Life Ins. Co.*, 966 F.2d 786, 803 (3rd Cir. 1992)).

Here, defendants agree that they did not timely respond to plaintiff's requests for admission. However, defendants contend that they deposited their responses in the mail one day after the deadline, and that because they have, in fact, responded, plaintiff's requests for admission should not be deemed admitted. In their response to plaintiff's statement of undisputed facts, defendants admit that their responses to plaintiff's requests for admission were served late but deny the substance of plaintiff's request for admissions. *See* [DE 61 at 13]; [DE 24-10].

It is within the Court's discretion whether to deem requests for admission admitted. *Nguyen v. CNA Corp.*, 44 F.3d 234, 243 (4th Cir. 1995). Here, the lateness of the response was minimal and plaintiff has failed to demonstrate sufficient prejudice which would overcome the interest in having cases decided on their merits. *See, e.g., Kress v. Food Employers Labor Relations Ass'n*, 285 F. Supp. 2d 678, 681 (D. Md. 2003); *Letren v. Trans Union, LLC*, No. CV PX 15-3361, 2017 WL 445237, at *6 (D. Md. Feb. 2, 2017). Defendants have asked that the Court deem their responses to plaintiff's request for admissions timely, which the Court will do. Fed. R. Civ. P. 36(b).

Because its motion for summary judgment is predicated on defendants' admissions, plaintiff's motion for partial summary judgment is denied without prejudice to refiling

3

dispositive motions in accordance with the scheduling order. However, the Court cautions defendants to fully comply with the deadlines imposed by the Court and the Federal Rules of Civil Procedure going forward.

II.     Motion to compel.

Plaintiff seeks an order finding that defendants have waived discovery objections and ordering defendants to provide the information requested by plaintiff in its motion to compel, including responding fully to plaintiff's first set of requests for production, first set of requests for admission, first set of interrogatories, and supplementing defendant's initial disclosures. Plaintiff's seek an award of all fees and costs associated with the filing of the motion to compel.

First, the motion for leave to file a reply brief in support of the motion to compel [DE 43] is allowed. Second, the motion to compel was filed in April 2020, the parties have engaged in months of discovery since that time, and, as discussed below, the Court will allow the parties' joint motion to extend discovery deadlines. Accordingly, at this time, the Court denies the motion to compel without prejudice and with the following caution to all parties, in particular defendants: legitimate discovery requests are to be complied with if sanctions are to be avoided.

III.    Motion for protective order.

Defendants have filed a protective order seeking to preclude plaintiff from deposing the Following Market. For the reasons discussed below, this motion is granted.

Under the two Marine Stock Throughput Insurance Policies at issue, one slip is led by AEGIS London on behalf of Syndicate 1225, which has already been deposed. Regarding the second slip, there are two Syndicates which together are the Lead Insurer, a Syndicate which is the agreement party, and then nine additional Syndicates which together are referred to as the Following Market. Defendants ask the Court to protect the Following Market syndicates from

4

being deposed as they have accepted nominal risk and are bound by the Lead Insurer. Defendants argue that deposition testimony by representatives of the Following Market would be duplicative and unduly burdensome.

Discovery that is unreasonably cumulative or duplicative, or which can be obtained from some other more convenient source, should be limited. Fed. R. Civ. P. 26(b)(2)(C). Further, litigants are protected upon a showing of good cause from having to provide discovery that would cause, *inter alia*, undue burden or expense. Fed. R. Civ. P. 26(c).

"[T]he 'unique characteristics' of the London Insurance Market do not excuse production of relevant, non-privileged documents." *Teck Metals, Ltd. v. London Mkt. Ins.*, No. CV-05-411-LRS, 2010 WL 4813813, at *1 (E.D. Wash. Sept. 10, 2010), *report and recommendation adopted in part sub nom. Teck Metals, Ltd. v. Certain Underwriters at Lloyd's, London*, No. CV-05-411-LRS, 2010 WL 4813844 (E.D. Wash. Nov. 19, 2010). In this case, however, the Lead Insurers either have or will be deposed and the Following Market is undisputedly bound by the Lead Insurers. Holmes Aff. ¶ 6. The Following Market also has been and continues to be in agreement with the Lead Insurer in all respects. *Id.* ¶ 7.

Plaintiff contends that it does not oppose reaching an agreement with defendants on limiting the number of depositions, but that it has received no discovery from the Following Market, even though defendant carries the burden of proving that exclusions apply if they want to escape their coverage obligations.

Defendants have made a sufficient showing that the information plaintiffs seek can and will be obtained through the less burdensome avenue of deposing the Lead Insurers and that the deposition discovery in this case should be limited accordingly. *See, e.g, Certain Underwriters at Lloyd's v. Nat'l R.R. Passenger Corp.*, 318 F.R.D. 9, 15 (E.D.N.Y. 2016). The motion for

protective order [DE 47] is granted. This relief is limited to protecting the Following Market syndicates from participating in depositions, as that is the only relief sought by defendants.

IV.     Motions to seal.

Plaintiff and defendants seek to seal several memoranda and exhibits filed because they contain confidential and/or proprietary information not generally available to the public, or contain information marked confidential by the other party. *See* Policy Manual § V(G)(1)(e). The parties' business and proprietary concerns are sufficient grounds to allow the sealing of these documents, especially where, as here, the parties have filed publicly available redacted versions. For these reasons, the motions to seal [DE 26; 41; 62] are granted.

However, the Court would note that, although there is information which the parties would prefer to keep private for competitive and market reasons, this is a public matter which will have, if necessary, a public trial. Any orders entered by the Court will be publicly available and will, to the extent necessary, refer to the relevant policy provisions. The parties are cautioned to limit their requests to seal and their use of redactions in any motions practice going forward.

V.      Consent motion to amend/correct scheduling order.

The parties have demonstrated good cause for amending the scheduling order. Their motion [DE 64] is granted with the following amendment: Plaintiff's Rule 26(a)(2) expert disclosures shall be due not later than October 15, 2020. All other deadlines proposed by the parties are adopted.

## CONCLUSION

For the foregoing reasons, plaintiff's motion for partial summary judgment [DE 19] is DENIED WITHOUT PREJUDICE; plaintiff's motion to compel [DE 28] is DENIED WITHOUT PREJUDICE; plaintiff's motion for leave to file a reply brief [DE 43] is GRANTED;

6

defendants' motion for protective order [DE 47] is GRANTED; the parties' consent motion to amend/correct the scheduling order [DE 64] is GRANTED; and the motions to seal [DE 26; 41; 62] are GRANTED.

SO ORDERED, this \_\_7\_\_ day of October, 2020.

*Terrence W. Boyle*
TERRENCE W. BOYLE
CHIEF UNITED STATES DISTRICT JUDGE