IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:19-CV-00430-BO

| | |
|---|---|
| U.S. TOBACCO COOPERATIVE, INC., ) | |
| ) | |
| ) | |
| ) | **MEMORANDUM OF LAW IN SUPPORT** |
| v. ) | **OF MOTION FOR EXTENSION OF** |
| ) | **TIME TO RESPOND TO PLAINTIFF'S** |
| ) | **MOTION FOR SANCTIONS [D.E. 91]** |
| CERTAIN UNDERWRITERS AT ) | |
| LLOYD'S SUBSCRIBING TO POLICY ) | |
| NUMBERS B1353DC1703690000 AND ) | |
| B1353DC1602041000 ) | |

## NATURE OF THE CASE

This case involves an insurance coverage dispute regarding a claim for damages to tobacco under policies of insurance issued by Defendants, Certain Underwriters at Lloyd's Subscribing to Policy Numbers B1353DC1703690000 and B1353DC1602041000 ("Underwriters" or "Defendants")[1] to Plaintiff, U.S. Tobacco Cooperative, Inc. ("USTC" or "Plaintiff"). On May 24, 2021, USTC filed its Motion for Sanctions [D.E. 91] (the "Sanctions Motion") regarding certain discovery disputes and this Court's Order granting Plaintiff's Motion to Compel [D.E. 86] (the "Order"). Since the issuance of the Order and the filing of the Sanctions Motion, Defendants have retained new counsel and for the reasons set forth below, respectfully request three weeks (the time

---

[1] Defendants Certain Underwriters at Lloyd's Subscribing to Policy Numbers B1353DC1703690000 and B1353DC1602041000 are actually a group of insurers, which among others, includes three lead/leading insurers: AEGIS Syndicate 1225 at Lloyd's of London (leading insurer on policy numbers B1353DC1703690000 and B1353DC1602041000), MS Amlin Syndicate 2001 at Lloyd's of London (lead insurer on policy number B1353DC1703690000), and RiverStone Managing Agency Limited representing Syndicate 3210 at Lloyd's of London (lead insurer on policy number B1353DC1602041000).

period generally afforded under Local Rule 7.1(f)(1) to respond to the Sanctions Motion,[2] or in the alternative, ask that the Court schedule a conference that would afford Underwriters the opportunity to set forth their plans to remedy the current discovery deficiencies, and discuss a time frame for doing so. In fact, given the current circumstances, which are detailed further below, it is respectfully submitted that this would be the most prudent approach. The Defendants are apologetic for the actions of their prior counsel, and intend to make every effort to comply with the Court's prior discovery orders. *See infra* at p. 6.

## FACTUAL BACKGROUND

1. Plaintiff filed the above captioned action on August 16, 2019 alleging: 1) entitlement to a Declaratory Judgment determining that damages to, or loss of, Plaintiff's tobacco were covered by insurance policies issued by Underwriters; 2) breach of contract based on Underwriters' alleged improper failure to reimburse Plaintiff for its losses; 3) Bad Faith; & 4) Unfair and Deceptive Trade Practices under N.C. Gen. Stat. § 75-1.1 and related statutes. [D.E. 1-1].

2. Defendants removed this action to the United States District Court on September 27, 2019 and filed an Answer on December 10, 2021. [D.E. 9].

3. Plaintiff filed various Motions to Compel, which resulted in this Court's Order dated April 9, 2021 [D.E. 86] (the "Order"), granting Plaintiff's requested relief and requiring Defendants to comply with various discovery obligations.

4. Following issuance of the Order, Plaintiff filed the Sanctions Motion [D.E. 91] on May 24, 2021, with a response due on or before June 14, 2021 per Local Rule 7.1(f)(1).

5. From the filing of Plaintiff's complaint up until this week, Defendants were represented by

---

[2] The Plaintiff has refused to consent to this motion. See Ex. A, Tricarico Decl. ¶12. ("Ex. A, Tricarico Decl." refers to the Declaration of Michael J. Tricarico of Kennedys CMK LLP, dated June 24, 2021, that accompanies this Motion at Exhibit A.)

James A. Saville of Hill Rivkins, LLP ("Hill Rivkins"). As of the filing of the instant Motion, Defendants have retained Michael Tricarico of Kennedys CMK LLP ("Kennedys") to serve as lead defense counsel. Mr. Tricarico appeared in the case as of June 23, 2021 [D.E. 94]. On behalf of Underwriters, Mr. Tricarico and Kennedys respectfully request, pursuant to Fed. R. Civ. P. 6(b)(1)(B), additional time (three weeks) to respond to the Motion for Sanctions, or in the alternative, ask that the Court schedule a conference that would afford Underwriters the opportunity to set forth their plans to remedy the current discovery deficiencies, and discuss a time frame for doing so.

## ARGUMENT

Pursuant to Fed. R. Civ. P. 6(b)(1)(B), this Court may extend the time within which Defendants are required to respond to Plaintiff's Motion for Sanctions [D.E. 91], even after the time to respond has expired, based upon a showing of excusable neglect. In fact, this court has found excusable neglect in a number of different circumstances. See Revak v. Miller, No. 7:18-CV-206-FL, 2021 WL 2188674, at *2 (E.D.N.C. May 28, 2021) (finding excusable neglect due to counsel's computer problems); Malmgren v. Malmgren, No. 5:18-CV-287-BO, 2019 WL 5092447, at *1 (E.D.N.C. Apr. 1, 2019) (finding excusable neglect where defense counsel had only recently been retained); McClary v. Lightsey, No. 5:16-CT-3052-BO, 2018 WL 9849553, at *2–3 (E.D.N.C. June 20, 2018), aff'd, No. 19-6901, 2019 WL 5787984 (4th Cir. Nov. 6, 2019) (excusable neglect found by the Honorable Terrence W. Boyle based upon a party's confusion regarding the filing of an answer); Allen v. Anderson, No. 5:13-CT-3238-FL, 2015 WL 3603723, at *1–2 (E.D.N.C. June 5, 2015) (finding excusable neglect where there was a recent change in defense counsel, and delay was not excessive).

In this instance, Underwriters respectfully submit that they can demonstrate the requisite

3

excusable neglect, and that, at a minimum, they should be permitted to submit an opposition to the currently pending Sanctions Motion.

As an initial matter, the Sanctions Motion is directed toward the wrong party. While Underwriters are the Defendants in this suit, they are not responsible for the discovery abuses that have occurred over the course of this litigation. Rather, Underwriters have been victimized by their own former counsel, Mr. Saville of Hill Rivkins, who continually ignored the directives of the Court, while at the same time failing to report any of this information to his client. Had Underwriters been aware of the prior discovery orders that had been entered in this case, they certainly would have made every effort to fully comply with them in a timely manner. However, they were denied that opportunity solely by the activities of Mr. Saville, and it would be unfair for them to be punished for his rogue actions, particularly without affording them the opportunity to comply with the existing orders or at least oppose the currently pending Sanctions Motion. Simply put, had Mr. Saville and Hill Rivkins merely informed their clients of the Court's rulings and Underwriters' corresponding discovery obligations, there would never have been the need for the Sanctions Motion in the first place.

Communicating with a client and keeping it informed of the status of the proceedings against it is one of the basic tenets of professional responsibility, and a client should be able to rely on its counsel's obligation to keep it so informed. For example, Rule 1.4 of the North Carolina State Bar expressly provides as follows:

RULE 1.4 COMMUNICATION

(a) A lawyer shall:

(1) promptly inform the client of any decision or circumstance with respect to which the client's informed consent, as defined in Rule 1.0(f), is required by these Rules;

(2) reasonably consult with the client about the means by which the client's

objectives are to be accomplished;

    (3) keep the client reasonably informed about the status of the matter;

    (4) promptly comply with reasonable requests for information; and

(5) consult with the client about any relevant limitation on the lawyer's conduct when the lawyer knows that the client expects assistance not permitted by the Rules of Professional Conduct or other law.

(b) A lawyer shall explain a matter to the extent reasonably necessary to permit the client to make informed decisions regarding the representation.

Unfortunately, Mr. Saville ignored these obligations completely, and instead, unfathomably chose to place his client in the current perilous situation by, among other things:

1) Failing to provide key litigation filings to his client. *See* Ex. B, Foulger Decl.[3] ¶ 7, Ex. C, Holmes Decl.[4] ¶ 5, Ex. D, Smith Decl.[5] ¶ 6, Ex. A, Tricarico Decl. ¶ 4.

2) Failing to advise his client of adverse rulings. Ex. B, Foulger Decl. ¶¶ 7-8, Ex. C, Holmes Decl. ¶¶ 5-6, Ex. D, Smith Decl. ¶¶ 6-7, Ex. A, Tricarico Decl. ¶5.

3) Failing to advise his client that the Plaintiff had filed the Sanctions Motion. Ex. B, Foulger Decl. ¶ 7, Ex. C, Holmes Decl. ¶ 6, Ex. D, Smith Decl. ¶ 7, Ex. A, Tricarico Decl. ¶5.

4) Failing to advise his client that although the Sanctions Motion, which also sought a default judgement in favor of the Plaintiff, had been filed, he would not be responding to it. Ex. A, Tricarico Decl. ¶5

5) Refusing to confer with his client's new attorneys about the case, in spite of making express representations that he would do so. Ex. A,

---

[3] "Ex. B, Foulger Decl." refers to the Declaration of Richard Foulger, Head of Claims at the AEGIS Syndicate 1225 at Lloyd's of London, dated June 23, 2021, that accompanies this Motion as Exhibit B.

[4] "Ex. C, Holmes Decl." refers to the Declaration of Stephen Holmes, Senior Cargo Claims Adjuster at the MS Amlin Syndicate 2001 at Lloyd's of London, dated June 23, 2021, that accompanies this Motion as Exhibit C.

[5] "Ex. D, Smith Decl." refers to the Declaration of Adam Smith, Senior Claims Adjuster at RiverStone Managing Agency Limited representing Syndicate 3210 at Lloyd's of London, dated June 23, 2021, that accompanies this Motion as Exhibit D.

Tricarico Decl. ¶¶ 11,13.

Each of these circumstances taken individually provides a basis for a finding of excusable neglect. Collectively, they overwhelmingly establish its existence. See Allen v. Anderson, No. 5:13-CT-3238-FL, 2015 WL 3603723, at *1–2 (E.D.N.C. June 5, 2015) (In determining whether neglect is excusable, the court must consider "the danger of prejudice to the [non-moving party], the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith.") (quoting Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. Partnership, 507 U.S. 380, 395 (1993)).

Here, each of the factors identified in Allen v. Anderson, as previously articulated by the United States Supreme Court in Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. Partnership, weigh heavily in favor of finding excusable neglect. Allowing Underwriters to respond to the Sanctions Motion will not significantly delay the proceedings. In fact, affording Underwriters the opportunity to oppose the motion, while simultaneously providing them with time in which to produce the requested information, or simply affording them and their new counsel the opportunity to set forth their plans to remedy the current discovery deficiencies, and discuss a time frame for doing so, is the quickest method for allowing this matter to proceed forward on the merits.

Additionally, the Plaintiff would not be prejudiced, as Underwriters, after being kept in the dark by Mr. Saville, are now aware of the discovery situation, are apologetic for the current state of affairs, and are intent upon making things right.[6] See Ex. B, Foulger Decl. ¶¶ 10-11, Ex. C, Holmes Decl. ¶¶ 7-8, Ex. D, Smith Decl. ¶ 8-9. Further, as previously discussed, the current discovery

---

[6] In fact, with regard to prejudice, during the May 3, 2021 hearing in this matter, when asked by the Court, the Plaintiffs were hard pressed to identify any prejudice beyond the cost of bringing the various discovery motions. [D.E. 92, Ex. A, p. 44 ln:13 – p. 45 ln: 24].

deficiencies are not the fault of the Defendants, and upon learning of the current circumstances they have expeditiously retained new counsel in a good faith effort to resolve those issues, and to otherwise diligently attend to this case. In this regard, Underwriters' new counsel has already reached out to the Plaintiff's lead attorney in the hope that he can provide additional guidance as to what the Underwriters specifically need to do in order to get the Plaintiff the information it contends is necessary to move this litigation forward. See Ex. D, Tricarico Decl. ¶¶ 10, 12.[7]

Finally, the Sanctions Motion goes well beyond a request for a monetary award. It also seeks entry of a default judgement on all counts of the complaint, including a finding that Underwriters have acted in bad faith. Even in the most extreme circumstances, a sanctions award in the form of a default judgment is heavily disfavored. *See*, *e.g.*, Wilson v. Volkswagen of Am., Inc., 561 F.2d 494, 503-05503–05 (4th Cir. 1977) (the entry of a default judgment pursuant to Fed. R. Civ. P 37(b) runs contrary to the "'sound public policy of deciding cases on the merits,'" and sanctions "'must be no more severe than is necessary to prevent prejudice to the movant.'") Here, severe sanctions are being sought against Underwriters for a situation that is not of their creation. Thus, it is respectfully submitted that under the circumstances, at a minimum, Underwriters should be afforded an opportunity to address the Sanctions Motion on the merits (Underwriters respectfully submit that the normal a period of three weeks afforded under Local Rule 7.1(f)(1) would be sufficient for this purpose), or in the alternative, have the Court, after consultation with the parties, schedule a conference that would afford Underwriters the opportunity to set forth their plans to remedy the current discovery deficiencies, and discuss a time frame for doing so.

---

[7] Although thus far, Plaintiff's counsel has been unable to prioritize the discovery needed, perhaps with the Court's assistance, the parties can agree upon a reasonable schedule for production that will provide the Plaintiff with the information that it deems most essential first.

# CONCLUSION

For all the forgoing reasons, Defendants respectfully request up to and including three weeks to file their response to Plaintiff's Motion for Sanctions, or in the alternative, ask the Court to schedule a conference that would afford Underwriters the opportunity to set forth their plans to remedy the current discovery deficiencies, and discuss a time frame for doing so.

Dated: June 25, 2021

                        CLARK, NEWTON & EVANS, PA

By: /s/ Seth P. Buskirk
    NC BAR 36664
    509 Princess Street
    Wilmington, NC 28401
    Tel: (910) 762-8743
    Fax: (910) 762-6206
    spb@clarknewton.com
    Local Civil Rule 83.1(d) Counsel for Defendants

By: /s/Michael J. Tricarico
    Kennedys CMK LLP
    570 Lexington Ave.
    New York, NY 10022
    212-252-0004
    Michael.Tricarico@KennedysLaw.com
    New York Bar. No. 2466878
    Attorney for Defendants Certain Underwriters at Lloyd's

## CERTIFICATE OF SERVICE

      I certify that a true copy of the foregoing document was filed with the Clerk of the Court using the CM/ECF system and notification will be sent to the following:

Mark E. Anderson     manderson@mcguirewoods.com, jmurphy@mcguirewoods.com

Don T. Evans, Jr     dte@clarknewton.com, lao@clarknewton.com

Seth Peter Buskirk     spb@clarknewton.com, lao@clarknewton.com, spbuskirk@gmail.com

Shelby S. Guilbert     sguilbert@mcguirewoods.com

Amy E. Dehnel     adehnel@mcguirewoods.com, smallavarapu@mcguirewoods.com

James A. Saville     jsaville@hillrivkins.com

Dated: June 25, 2021

                                                /s/Michael J. Tricarico_____

9

Case 5:19-cv-00430-BO    Document 96    Filed 06/25/21    Page 9 of 9