IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:19-CV-00430-BO

| | | |
|---|---|---|
| U.S. TOBACCO COOPERATIVE, INC., | ) | |
| | ) | |
| | ) | |
| | ) | **DECLARATION OF** |
| v. | ) | **MICHAEL J. TRICARICO** |
| | ) | |
| CERTAIN UNDERWRITERS AT | ) | |
| LLOYD'S SUBSCRIBING TO POLICY | ) | |
| NUMBERS B1353DC1703690000 AND | ) | |
| B1353DC1602041000 | ) | |

Michael J. Tricarico, on oath, declares as follows:

1. I am a partner in the New York office of Kennedys CMK LLP ("Kennedys").

2. Late last week I was contacted by Patrick Foss, a partner in Kennedys' London office, and was advised that Richard Foulger, the Head of Claims at the AEGIS Syndicate 1225 at Lloyd's of London, wished for me to contact James Saville of Hill Rivkins, LLP to discuss this matter with him. At that time, I learned that Mr. Saville was the attorney representing Defendants, Certain Underwriters at Lloyd's Subscribing to Policy Numbers B1353DC1703690000 and B1353DC1602041000 ("Defendants" or "Underwriters"), in this matter. Specifically, after further communicating with Mr. Foulger and Mr. Foss, I learned that Mr. Foulger wanted me to check in with Mr. Saville regarding that status of this litigation, and to determine whether the Defendants' interests were being properly represented.

3. Shortly after becoming involved, I was copied on an email from Mr. Saville in which he indicated that he would soon be calling me to discuss the case. However, he never did.

4. At that point, I had not been formally retained, and did not have any specific knowledge about this matter, the claims asserted therein, or where in North Carolina it was pending. However, I did know who the parties were, and late Friday, June 18, 2021, by way of an internet search, I was able to locate an index number, and began reviewing the court's docket for this action. At that point, I located and reviewed the following materials, which I relayed back to Mr. Foss and Mr Foulger:

(a) The Motion for Sanctions and Memorandum of Law in Support dated May 24, 2021 [D.E. 91].

(b) The transcript from the hearing before Magistrate Judge, Robert T. Numbers, II that took place on May 3, 2021 [D.E. 92 Ex. A].

(c) The order issued by Magistrate Numbers on April 9, 2021 [D.E. 86].

5. I was subsequently advised that none of these documents had ever been provided to Underwriters, nor were Underwriters even aware that there were any motions pending against them, let alone one for sanctions that had not been responded to, or that any adverse discovery rulings had been issued in favor of the Plaintiff.

6. Over the weekend of June 19-20, 2021, I continued to further review the court docket and relayed what I had determined to my partner, Mr. Foss.

7. As of June 21, 2021, my firm was formally retained in this matter, and I then contacted local counsel, Clark, Newton & Evans, P.A. ("Clark Newton"), to advise them that Kennedys would be replacing Mr. Saville and Hill Rivkins as counsel for the Defendant.

8. Seth Buskirk of Clark Newton assisted me in preparing a Notice of Special Appearance, which, after receiving electronic filing permissions from the Court on June 23, 2021, I filed later that day.

9. On June 21, 2021, I also reached out to Mr. Saville by phone several times to gain his assistance in transferring the file to my firm, and to discuss the status of the case with him, including any additional communications he may have had with counsel for the Plaintiff. He did not respond, and as of the signing of this declaration, I have still never spoken to him.

10. On that same date, I also called Shelby Gilbert, the lead attorney for the Plaintiff, to advise that I would be taking over for Mr. Saville. During that call, I explained to him that Mr. Saville had not informed my client of the ongoing discovery disputes in this action, the Court's orders, or the currently pending Motion for Sanctions [D.E. 91-92]. I also asked for his client's consent to the motion that this declaration accompanies, which seeks permission to file, and an extension of time to respond to, his client's Motion for Sanctions [Id.]. Finally, I asked Mr. Gilbert if he could assist me in providing responses to the outstanding discovery owed by my client by prioritizing that discovery in order importance. He instead referred me to the Court's prior orders, and some of the other papers that had been filed in this suit, and told me that he would check with his client regarding consent to the filing of this motion.

11. Over the course of the next day, June 22, 2021, there were continuous attempts to follow up with Mr. Saville and his firm to gain access to their files for this case and information regarding recent goings on, however, no response was received.

12. On June 23, 2021, I had a follow up discussion with Mr. Gilbert (the Plaintiff's attorney), during which he informed me that his client would not consent to this motion. During our conversation, I again explained that I did not have any of the files in

this case, had not been contacted by Mr. Saville, and was representing a client that was completely unaware of the currently pending Sanctions Motion or the discovery abuses alleged therein. I again expressed that I would appreciate it if he would provide clarification/prioritization of the discovery owed. In response, he again politely referred me to the Court's prior orders.

13. Finally, late in the day on June 23, 2021, I received a communication from Hill Rivkins. It came not from Mr. Saville, who has still never responded to my requests to discuss the status of this case, but rather from an individual named John Sullivan, who provided a Drop Box link from which to download some of his firm's files for this matter. He also indicated that additional materials would likely be added in the coming days. Given the volume of the materials provided, I have not yet had the opportunity to review them in any meaningful way, but in order to assist Underwriters in responding to the outstanding discovery demands, will soon begin that process in earnest.

14. I declare under penalty of perjury that the foregoing is true and correct. Executed on June 24, 2021.

_____
MICHAEL J. TRICARICO