IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
NO. 5:19-CV-00430-BO

U.S. Tobacco Cooperative, Inc.

    Plaintiff,

v.

Certain Underwriters at Lloyd's
Subscribing to Policy Numbers
B1353DC1703690000 and
B1353DC1602041000,

    Defendants.

**DECLARATION OF
ANTHONY J. PRUZINSKY
<u>UNDER SEAL</u>**

Anthony J. Pruzinsky, hereby declares pursuant to 28 U.S.C. §1746, as follows:

1. I am a former member of Hill Rivkins LLP and am currently employed by the firm as counsel. Prior to this, I had been an equity partner in the firm for over 25 years and have been employed by the firm for a total of 39 years.

2. I am well acquainted with James A. Saville, having been involved in hiring him as an associate for the firm in November, 1997, and since that time we have worked together frequently. I always have known Jim to be a diligent and intelligent lawyer. He rose within the firm from associate to be managing partner, a position he took over from me in 2019. Jim has been well respected at the bar and among our clients in all the time I have known him.

3. During the week of June 14, 2021, it became known to Jim's partners that there were a number of problems with some of the ongoing cases he was handling, including this one. On June 22, the partners approached me to ask if I would delve into the matter. The

partners had already requested Jim's docket and were going through it. Eventually, we were able to identify several matters in which opposing counsel had asserted or the Court had found that he was failing to comply with discovery obligations or otherwise act as required by the court rules under which his cases were operating. Our firm is prepared to address all of these matters with the court in an *in camera* setting, if so directed.

4. Since Jim has been the managing partner, and this is a small firm, no one at the firm reviewed his docket or checked to see if he was performing his work as required. It was only in June, when the partners learned of the breadth of these allegations, that the firm realized that he had a problem. To that end, Jim at all times known to me gave every appearance that he was performing his job in the usual diligent fashion expected of an attorney in his position. He did not reveal to his partners or to me that he was experiencing difficulty, and we did not know whether he was failing in the performance of his responsibilities, both in litigation and in reporting to clients.

5. Upon looking at the files and the motions made and orders entered, it appeared to me that, perhaps as far back as January, 2020, Jim had ceased responding to client inquiries and discovery matters in the ordinary course of numerous cases. This carried on through the current year.

6. In this case in particular, I fielded a client inquiry while I was traveling on the West Coast in May of this year, requesting that I intervene with Jim to get him to respond to their numerous requests for advice on the matter. I brought the matter to Jim then, and assumed he was taking care of it. However, it appears this was a longstanding issue. I have read the declarations of Richard Foulger (dtd 6/23/21), Stephen Holmes (dtd 6/23/21) and

Adam Smith (dtd 6/23/21), and they appear to accurately portray the client relationship with our firm and the lack of responsiveness from Jim.

7. Although I am only a lay person, it appears probable to me that Jim had experienced a mental breakdown of some sort that affected his performance across the board. Since learning of this matter on June 22, I have undertaken on behalf of the firm to deal with each of the matters that have raised questions about Jim's conduct, and he has been relieved, at least temporarily, of his case handling and other firm responsibilities.

8. In the meantime, the firm has been replaced in two cases, including this one, by other counsel, whom I am assisting to deal with and rectify any issues raised by Jim's performance in those cases. The remaining matters I am handling myself.

9. Although initially resistant to the thought, but at the encouragement of his partners, Jim has engaged in and is seeking psychiatric/medical assistance to deal with these issues. I assisted him in finding appropriate help. However, neither I nor any of the counsel representing clients related to this matter have had the opportunity to discuss his personal issues with Jim and, at my suggestion, none of the counsel who have replaced us in the two cases mentioned above has been provided access to discuss the issues with him until such time as we receive more information from his attending physician.

10. I declare under penalty of perjury that the foregoing is true and correct.

Dated: New York, New York
July 22, 2021

Anthony J. Pruzinsky