IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:19-CV-00430-BO

| | | |
|---|---|---|
| U.S. TOBACCO COOPERATIVE, INC., | ) | |
| | ) | |
| | ) | |
| | ) | **DECLARATION OF** |
| v. | ) | **RICHARD FOULGER** |
| | ) | |
| CERTAIN UNDERWRITERS AT | ) | |
| LLOYD'S SUBSCRIBING TO POLICY | ) | |
| NUMBERS B1353DC1703690000 AND | ) | |
| B1353DC1602041000 | ) | |

Richard Foulger, on oath, declares as follows:

1. I am Head of Claims at the AEGIS Syndicate 1225 at Lloyd's of London ("AEGIS"). I have worked at AEGIS for 20 years and have worked in the London insurance market for 40 years.

2. AEGIS is the leading Underwriter at Lloyd's on the two polices for the 2016 and 2017 years of account respectively (Policy Numbers B1353DC1703690000 and B1353DC1602041000). As such, we have claims handling authority in conjunction with the leaders of the co-insurance being Riverstone/Mitsui (Lloyd's Syndicate 3210 for the 2016 year of account and MS Amlin (Lloyd's Syndicate 2001 for the 2017 year of account).

3. On June 25, 2021 Underwriters filed a Motion for an Extension of Time in order for Underwriters to respond to the Motion for Sanctions filed by plaintiff U.S. Tobacco Cooperative, Inc. ("USTC") on May 24, 2021. That motion was granted. I thank the Court for the opportunity to be heard, and offer this declaration in support of the Underwriters' opposition to USTC's Motion for Sanctions.

4. As discussed in the Underwriters' motion papers filed in support of their request for additional time, we had been having a difficult time getting in touch with and receiving reports from our prior attorney, James Saville of Hill Rivkins LLP ("Hill Rivkins"). I last spoke to Mr. Saville on May 24, 2021, and he advised me and Stephen Holmes of MS Amlin that he was backlogged with work and that whilst there were ongoing minor issues concerning privilege and disclosure there was nothing to report of any concern. I followed up with an email the following day requesting an updated report, weekly reports going forward, advance notice of any future motions and for Mr. Saville to get additional resource from the firm to handle the claim.

5. As I heard nothing further, I approached new counsel (Kennedys) and on June 15, 2021. I emailed Mr. Saville advising him of Kennedys appointment and asked him to co-operate with them going forward. Mr. Saville emailed back saying that he would, but that was the last I heard from him. It is my understanding that Mr. Saville did not and has not contacted Kennedys. Hill Rivkins were formally disinstructed on June 21, 2021.

6. I have subsequently learned through Mr. Anthony Pruzinsky, one of the other Hill Rivkins attorneys, that Mr. Saville has sadly suffered from some form of mental breakdown and that these are not the only proceedings which have been prejudiced by Mr. Saville.

7. I have been working hard over the last few weeks to determine what Mr. Saville has and has not provided to USTC from lead Underwriters during the previous discovery process, without the benefit of Mr. Saville's input and knowledge of the proceedings.

8.  AEGIS has already provided significant discovery in these proceedings and had no reason to doubt that, for all intents and purposes, full disclosure had been provided in response to USTC's demands.

9.  AEGIS was unaware of any discovery requests (with the exception of the request for my claims diary, which I knew to be outstanding) that had not been responded to, the Court's discovery orders, or the currently pending motions for sanctions.

10. Since learning of the Court's April 9, 2021 Order (along with the preceding history) and the related motion for sanctions on or about June 18, 2021, AEGIS has undertaken a good faith effort to comply with that Order. We are not only heavily involved in the process of trying to rectify any issues of which we have only recently been made aware with our previously provided discovery, we are also endeavoring to provide the additional discovery that has been ordered by the Court. However, the breadth of the Court's Order has made that a difficult and time-consuming process. For example, as we understand the Court's Order, we have been directed to produce our files for other mold claims that we have received in the past 10 years across all classes of business. AEGIS has conducted key word searches and identified a number of claims which are potentially relevant to this part of the Court's Order. Given the significant number of claims, reviewing these claims and producing documents relating to those claims which are relevant to this request for disclosure will require significant time and effort.

11. Nevertheless, we are working diligently on the process of providing the required discovery, and intend to produce the further responsive information as quickly as we can, and on a rolling basis if possible.

12. We continue to appreciate the Court's patience regarding this unique and unfortunate situation.

13. I declare under penalty of perjury that the foregoing is true and correct.

Executed on July 23, 2021.

_____
RICHARD FOULGER