DocuSign Envelope ID: 810E3239-0D2A-4D34-AC1A-4D5CA77ED2E7

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:19-CV-00430-BO

| | |
|---|---|
| U.S. TOBACCO COOPERATIVE, INC., )<br>)<br>)<br>)<br>v. )<br>)<br>CERTAIN UNDERWRITERS AT )<br>LLOYD'S SUBSCRIBING TO POLICY )<br>NUMBERS B1353DC1703690000 AND )<br>B1353DC1602041000 ) | **DECLARATION OF**<br>**IAN EVERLEY** |

Ian Everley, on oath, declares as follows:

1. I am a Senior Cargo Claims Adjuster at the Lloyd's Syndicate 2003 ("AXA XL") at Lloyd's of London. I have held this position for 11 years and have worked in the London insurance market for 30 years.

2. AXA XL is one of the following Underwriters at Lloyd's with respect to Policy Numbers B1353DC1703690000 and B1353DC1602041000.

3. On or about June 23, 2021, we were informed by the lead Underwriters for our placement that:

(a) Lead Underwriters had become concerned about the lack of reporting from Mr. James Saville of Hill Rivkins LLP ("Hill Rivkins"), who had been instructed by the leaders in the standard way to represent all Underwriters in the proceedings.

(b) On or about June 17, 2021, lead Underwriters had made contact with Kennedys Law LLP ("Kennedys") and requested that Kennedys contact Mr Saville in order to obtain a second opinion on the status of the proceedings.

(c) Mr. Michael Tricarico of Kennedys' New York office had conducted searches of the court docket for these proceedings and located and provided to lead Underwriters a number of orders and motions of which lead Underwriters were completely unaware and in respect of which Underwriters were in breach.

(d) As a result, lead Underwriters had formally dis-instructed Hill Rivkins.

4. I understand that on June 25, 2021, Kennedys filed a Motion for an Extension of Time in order for Underwriters to respond to the motion for sanctions that they are presently responding to, and that the Court has granted that motion. AXA XL appreciates the opportunity the Court has afforded it to be heard.

5. Prior to June 23, 2021, I had not seen or been informed of any of the Court's orders. I was not aware that Underwriters had breached any orders entered by the Court, nor was I aware that the Plaintiff was seeking sanctions.

6. I was also unaware of any outstanding requests for discovery or interrogatories from AXA XL. In many cases, disclosure is not required from following Underwriters because they have little if any additional documentation on the claim or underwriting of the risk than that held by the lead Underwriters.

7. As a following Underwriter, we had very limited involvement in the underwriting of this risk and in the handling of the claim. The underwriting of this risk was conducted via a "line slip"; which means that following Underwriters are automatically bound to the slip pursuant to a facility previously agreed to with the broker. In respect of claims handling, under standard Lloyd's market procedures lead Underwriters are responsible for the handling of a claim, including corresponding with the insured and instructing experts, adjusters and attorneys. Thus, the fact that we had not been asked to provide disclosure was not surprising to AXA XL. I simply anticipated that any required disclosure was being provided by the leaders.

8. As previously indicated, I only became aware of the outstanding issues on June 23, 2021, when we received a market wide notification from the lead Underwriters on our placement. I had received no notice about any outstanding discovery or interrogatory requests or court orders.

9. Now that we have been informed of what needs to be done pursuant to Court's orders, we are diligently working to comply as quickly as we can. However, this has been a time-consuming process due to the amount of documentation to be collated and provided, particularly in relation to other mold and bad faith claims over the last 10 years across various classes of business. We are unable to search for mold claims in our claims system because the data fields where the relevant information is contained do not feed through to our system. As a result, we have contacted Xchanging Claims Services ("XCS") which processes claims on behalf of Lloyd's insurers to see if it can search on our behalf. XCS has access to data and search functions which we understand will allow it to search for mold claims going back 10 years. XCS has agreed to undertake these searches and we are awaiting the results.

10. I wish to apologize to the parties and to the Court for the lack of response on our part due to the reasons discussed above, and at the same time, reiterate that we are working diligently to provide the discovery ordered by the Court.

11. I declare under penalty of perjury that the foregoing is true and correct.

Executed on July 23, 2021.

                                                                                              DocuSigned by:
                                                                                              Ian Everley
                                                                       8923CC5570D4466...
                                              _____
                                                   IAN EVERLEY