IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:19-CV-00430-BO

| | | |
|---|---|---|
| U.S. TOBACCO COOPERATIVE, INC., | ) | |
| | ) | |
| | ) | |
| | ) | **DECLARATION OF** |
| v. | ) | **STEPHEN HOLMES** |
| | ) | |
| CERTAIN UNDERWRITERS AT | ) | |
| LLOYD'S SUBSCRIBING TO POLICY | ) | |
| NUMBERS B1353DC1703690000 AND | ) | |
| B1353DC1602041000 | ) | |

Stephen Holmes, on oath, declares as follows:

1. I am Senior Cargo Claims Adjuster at Lloyd's Syndicate 2001 ("MS Amlin") at Lloyd's of London. I have held this position for four years and have worked in the London insurance market for forty five years.

2. MS Amlin is the lead Underwriter at Lloyd's with respect to the 2017 year of account (Policy Number B1353DC1703690000). The overall lead is AEGIS (Lloyd's Syndicate 1225) and we share claims handling responsibility for our year.

3. On June 25, 2021 Underwriters filed a Motion for an Extension of Time in order for Underwriters to respond to the Motion for Sanctions filed by plaintiff U.S. Tobacco Cooperative, Inc. ("USTC") on May 24, 2021. That motion was granted. I thank the Court for the opportunity to be heard, and offer this declaration in support of the Underwriters' opposition to USTC's Motion for Sanctions.

4. As discussed in the Underwriters' motion papers filed in support of their request for additional time, we had been having a difficult time getting in touch with and receiving reports from our prior attorney, James Saville of Hill Rivkins LLP ("Hill

Rivkins"). I last spoke to Mr. Saville on May 24, 2021 and he advised me and Richard Foulger of AEGIS that he was backlogged with work and that whilst there were ongoing minor issues concerning privilege and disclosure there was nothing to report of any concern. Richard Foulger followed up with an email the next day requesting an updated report, weekly reports going forward, advance notice of any future motions and for Mr. Saville to get additional resources from his firm to handle the claim.

5. As we heard nothing further, we approached new counsel (Kennedys) and on June 15, 2021, Richard Foulger of AEGIS emailed Mr. Saville advising him of Kennedys' appointment and asked him to co-operate with them going forward. Mr. Saville emailed back saying that he would, but that was the last we heard from him. It is my understanding that Mr. Saville did not and has not contacted Kennedys. Hill Rivkins were formally disinstructed on June 21, 2021.

6. We have subsequently learned through Mr. Anthony Pruzinsky, one of the other Hill Rivkins attorneys, that Mr. Saville has sadly suffered from some form of mental breakdown and that these are not the only proceedings which have been abandoned by Mr. Saville.

7. We have been working hard over the last few weeks to determine what Mr. Saville has and has not provided to USTC from lead Underwriters during the previous discovery process, without the benefit of Mr. Saville's input and knowledge of the proceedings.

8. We have already provided significant discovery in these proceedings and had no reason to doubt that for all intents and purposes, full disclosure had been provided in response to USTC's demands.

9. We were unaware of any discovery requests that had not been responded to, the Court's discovery orders, or the currently pending motion for sanctions.

10. Since learning of the Court's April 9, 2021 Order (along with the preceding history), and the related motion for sanctions, we have undertaken a good faith effort to comply with that Order. We are not only heavily involved in the process of trying to rectify any issues with our previously provided discovery, we are also endeavoring to provide the additional discovery that has been ordered by the Court. However, the breadth of the Court's Order has made that a difficult and time-consuming process. For example, as we understand the Court's Order, we have been directed to produce our files for other mold claims that we have received in the past 10 years across all classes of business. This has required a significant effort, which has involved searching digitally all the records for syndicate 2001. This process has not yet concluded due to its complexity.

11. Nevertheless, we are working diligently on the process of providing the required discovery, and intend to produce the further responsive information as quickly as we can, and on a rolling basis if possible.

12. We continue to appreciate the Court's patience regarding this unique and unfortunate situation.

13. I declare under penalty of perjury that the foregoing is true and correct. Executed on July 23, 2021.

_____
STEPHEN HOLMES