IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:19-CV-00430-BO

U.S. TOBACCO COOPERATIVE, INC.,

v.

CERTAIN UNDERWRITERS AT
LLOYD'S SUBSCRIBING TO POLICY
NUMBERS B1353DC1703690000 AND
B1353DC1602041000

**DECLARATION OF
ADAM SMITH**

Adam Smith, on oath, declares as follows:

1. I am a Senior Claims Adjuster at RiverStone Management Limited ("Riverstone"). I have held this position for two and a half years and have worked in the London insurance market for twenty years.

2. Riverstone manages Lloyd's syndicate 3210 ("Mitsui"), which is a lead Underwriter at Lloyd's with respect to Policy Number B1353DC1602041000, and Lloyd's Syndicate 1200 ("Argo"), one of the following underwriters at Lloyd's with respect to Policy Numbers B1353DC1703690000 and B1353DC1602041000.

3. On June 25, 2021 Underwriters filed a Motion for an Extension of Time in order for Underwriters to respond to the Motion for Sanctions filed by plaintiff U.S. Tobacco Cooperative, Inc. ("USTC") on May 24, 2021. That motion was granted. I thank the Court for the opportunity to be heard, and offer this declaration in support of the Underwriters' opposition to USTC's Motion for Sanctions.

4. As discussed in the Underwriters' motion papers filed in support of their request for additional time, we had been having a difficult time getting in touch with and

receiving reports from our prior attorney, James Saville of Hill Rivkins LLP ("Hill Rivkins"). I understand that Richard Foulger of AEGIS and Stephen Holmes of MS Amlin last spoke to Mr. Saville on May 24, 2021 and he advised them that he was backlogged with work and that whilst there were ongoing minor issues concerning privilege and disclosure there was nothing to report of any concern. Richard Foulger of AEGIS followed up with an email the next day requesting an updated report, weekly reports going forward, advance notice of any future motions and for Mr. Saville to get additional resources from his firm to handle the claim.

5. As we heard nothing further, we approached new counsel (Kennedys) and on June 15, 2021 Richard Foulger emailed Mr. Saville advising him of Kennedys appointment and asked him to co-operate with them going forward. Mr. Saville emailed back saying that he would, but that was the last we heard from him. It is my understanding that Mr. Saville did not and has not contacted Kennedys. Hill Rivkins were formally disinstructed on June 21, 2021.

6. We have subsequently learned through Mr. Anthony Pruzinsky, one of the other Hill Rivkins attorneys, that Mr. Saville has sadly suffered from some form of mental breakdown and that these are not the only proceedings which have been abandoned by Mr. Saville.

7. We have been working hard over the last few weeks to determine what Mr. Saville has and has not provided to USTC from lead Underwriters during the previous discovery process, without the benefit of Mr. Saville's input and knowledge of the proceedings.

8. We have already provided significant discovery in these proceedings and had no reason to doubt that for all intents and purposes, full disclosure had been provided in response to USTC's demands.

9. We were unaware of any discovery requests that had not been responded to, the Court's discovery orders or the currently pending motion for sanctions.

10. Since learning of the Court's April 9, 2021 Order (along with the preceding history), and the related motion for sanctions, we have undertaken a good faith effort to comply with that Order. We are not only deeply involved in the process of trying to rectify any issues with our previously provided discovery, but we are also endeavoring to provide the additional discovery that has been ordered by the Court. However, the breadth of the Court's Order has made that a difficult and time-consuming process. For example, as we understand the Court's Order, we have been directed to produce our files for other mold claims that we have received in the past 10 years across all classes of business. This has required a significant effort, which has involved searching our databases of over 200,000 claims across the Lloyd's Syndicate 3210 and Lloyd's Syndicate 1200 portfolios from the last 10 years, identifying all claims on which "mold" or "mould" are cited as a primary or contributory cause of loss. We have found 200 such claims so far, and will endeavour to produce the actual files for all those claims, which will be a voluminous amount of documentation.

11. Nevertheless, we are working diligently on the process of providing the required discovery, and intend to produce the further responsive information as quickly as we can and on a rolling basis if possible.

12. We continue to appreciate the Court's patience regarding this unique and unfortunate situation.

13. I declare under penalty of perjury that the foregoing is true and correct. Executed on July 23, 2021.

_____
ADAM SMITH