IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:19-CV-430-BO

| | |
|---|---|
| U.S. TOBACCO COOPERATIVE, INC., )<br>Plaintiff, )<br>)<br>v. )<br>)<br>CERTAIN UNDERWRITERS AT )<br>LLOYD'S SUBSCRIBING TO POLICY )<br>NUMBERS B1353DC1703690000 and )<br>B1353DC1602041000, )<br>Defendants. ) | O R D E R |

This cause comes before the Court on several pending matters. The appropriate responses and replies have been filed, or the time for doing so has expired. A hearing on the matters was held before the undersigned on January 18, 2022, at Elizabeth City, North Carolina. In this posture, the matters are ripe for ruling.

BACKGROUND

This is an insurance coverage dispute arising out of the alleged failure of defendants to honor their policy obligations for over $10 million in losses that plaintiff sustained after water from Hurricane Matthew in October 2016 ruined tobacco product stored in plaintiff's Fuquay-Varian warehouses. The complaint alleges four claims for relief: declaratory judgment, breach of contract, bad faith, and unfair and deceptive trade practices.

The parties have proceeded through discovery, though it has been hampered by the failure of defendants' former counsel, Attorney James Saville, to meaningfully participate in the exchange of discovery. Because of that, plaintiff was forced to move to compel discovery responses and ultimately filed a motion for sanctions that is now pending. The assigned United States Magistrate Judge took up the discovery disputes, and ultimately recommended that

defendants be held in default and default judgment as a sanction for their discovery failures. The dispositive motions filing deadline has passed.

Additionally, on July 7, 2021, plaintiff filed a voluntary petition seeking relief under Chapter 11 of the United States Bankruptcy Code. Defendants seek transfer of this action to the bankruptcy court pursuant to 28 U.S.C. § 157(a). Plaintiff opposes transfer to the bankruptcy court. The parties are otherwise familiar with the procedural history and background of this case and the Court need not recite it here.

## DISCUSSION

I.  Motion for Sanctions; Order and Memorandum and Recommendation; Appeal of Magistrate Judge Order; Motion to Reconsider.

On August 18, 2021, Magistrate Judge Robert T. Numbers, II entered an order and memorandum and recommendation. The order imposed sanctions on defendants amounting to the reasonable expenses, including attorney fees, that plaintiff incurred on issues related to the defendants' responses to plaintiff's interrogatories and requests for production of documents from January 20, 2020, through April 9, 2021, the date of the order on plaintiff's second motion to compel. Magistrate Judge Numbers further ordered that defendants may not rely on any documents or information that was requested by plaintiff in its written discovery but were not produced by defendants or included in a privilege log by October 26, 2020. Magistrate Judge Numbers then recommended that the Court enter default against defendants and then, after a hearing, enter default judgment against them.

Defendants have appealed Magistrate Judge Numbers's order and filed timely objections to the memorandum and recommendation (M&R). Defendants have also moved for

2

reconsideration of Magistrate Judge Numbers's order and M&R based upon new facts and evidence which have come to light since they filed their appeal and objections.

The Court has considered the argument and evidence filed by defendants in their motion for reconsideration[1] and determines that reconsideration of the imposition of sanctions against defendants is appropriate. Fed. R. Civ. P. 54(b) governs "any order or decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties." Pursuant to this rule, "[a]n interlocutory order is subject to reconsideration at any time prior to the entry of a final judgment." *Fayetteville Inv'rs v. Commercial Builders, Inc.*, 936 F.2d 1462, 1469 (4th Cir. 1991). Accordingly, "a district court retains the power to reconsider and modify its interlocutory judgments . . . at any time prior to final judgment when such is warranted." *Am. Canoe Ass'n v. Murphy Farms, Inc.*, 326 F.3d 505, 514–15 (4th Cir. 2003)).

A court may revise such an order "under the same circumstances in which it may depart from the law of the case: (1) 'a subsequent trial produc[ing] substantially different evidence'; (2) a change in applicable law; or (3) clear error causing manifest injustice." *Carlson v. Bos. Sci. Corp.*, 856 F.3d 320, 325 (4th Cir. 2017) (noting the similarity of this standard to that applicable to Rule 59(e) motions, except that the law-of-the-case standard allows for new evidence discovered during litigation as opposed to evidence not available at trial to serve as basis for reconsideration motion) (alteration in original) (citing *Am. Canoe*, 326 F.3d at 515). Whether to reconsider an interlocutory order is within the discretion of the district court. *Am. Canoe*, 326 F.3d at 515.

---

[1] Although a motion to reconsider is typically considered by the judicial officer who imposed the ruling the party seeks to be reconsidered, as the matter was initially referred to the magistrate judge pursuant to 28 U.S.C. § 636(b)(1)(A), the Court is authorized to reconsider any ruling by the magistrate judge of its own accord and may thus properly take up the motion to reconsider itself.

3

Defendants have sufficiently demonstrated that they were unaware of Attorney Saville's actions and that to enter default against them in these circumstances would be inequitable. As is detailed in new evidence submitted by defendants, which the Court will permit to be filed under seal given the personal and medical nature of its contents, Attorney Saville was suffering from a diagnosed medical, mental health concern during the relevant time period. *See* [DE 130-2]. Indeed, this is precisely the sort of evidence that Magistrate Judge Numbers found lacking in defendants' opposition to the imposition of sanctions. *See* [DE 112 pp. 12-13]. The actions of their former attorney should not be attributed to the defendants themselves in this case, and there is good cause to reconsider the imposition of sanctions. While it is true that defendants are sophisticated corporate entities, they trusted that Attorney Saville, who had been a member of the bar in good standing, was appropriately engaging in discovery and managing this case. Additionally, as outlined in the appeal of the 18 August 2021 order, [DE 116], defendants were unaware of Attorney Saville's actions, or lack thereof, and were told by Attorney Saville that there were no concerns he needed to report to them and that only minor issues had been raised regarding privilege and disclosure, which was in stark contrast to what was actually happening in the case. "As an advocate and counselor, it is incumbent upon the attorney to assist the party in navigating the complexities of discovery." *NOA, LLC v. Khoury*, No. 5:14-CV-114-FL, 2016 WL 4444770, at *4 (E.D.N.C. Aug. 23, 2016). Defendants contend it was only after Attorney Saville stopped responding to them and they retained current counsel that they discovered the serious discovery failures and plaintiff's request for sanctions.

Moreover, the Court determines that any prejudice to plaintiff is minimal as it has determined that a trial setting during the first week in March is appropriate, which will allow plaintiff to present its claims to a jury. At bottom, although the case has suffered setbacks and

4

delays which could have been avoided, defendants have now submitted evidence that their attorney was unable to manage his workload due to a condition unknown to defendants at the time, and plaintiff does not contend that it still lacks sufficient discovery which would permit it to proceed to trial.

Because the Court has reconsidered the order and M&R, the Court rejects the recommendation that defendants be held in default and that default judgment subsequently be entered against them. *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 149-50 (1985). "[W]hen the sanction imposed is judgment by default, the district court's range of discretion is more narrow due to a party's right to a jury trial and a fair day in court and the 'sound public policy of deciding cases on their merits.'" *United States v. Wright*, No. 97-2031, 1999 U.S. App. LEXIS 16769, at *8 (4th Cir. July 19, 1999) (quoting *Wilson v. Volkswagen of Am., Inc.*, 561 F.2d 494, 503-04 (4th Cir. 1977)). Thus, such drastic sanction is reserved for "flagrant" cases, *Wilson*, 561 F.2d at 504, which the Court determines this case and these circumstances not to be.

The Court further reverses the imposition of monetary and evidentiary sanctions. *See* Local Civil Rule 72.4(a). Specifically as to the award of reasonable expenses incurred in making plaintiff's second motion to compel, Fed. R. Civ. P. 37(a)(5)(A), the Court finds that an award of expenses would be unjust in light of the recent evidence submitted by defendants regarding Attorney Saville's mental health and determines that the parties should bear their own costs. The Court further sets aside the evidentiary sanction imposed by the 18 August 2021 order, on the same grounds which support reconsideration of that order.

II.     Motion to Transfer to Bankruptcy Court.

The Court declines to transfer this matter to the bankruptcy court. While civil matters may be related to a bankruptcy proceeding where they "could conceivably have any effect" on

5

the bankruptcy estate, *In re Celotex Corp.*, 124 F.3d 619, 625 (4th Cir. 1997) (citation omitted), and this Court by Standing Order has referred bankruptcy cases and related matters to the bankruptcy court, 84-PLR-4, this case is on the eve of trial and referring the matter to the bankruptcy court in this procedural posture would not expedite the bankruptcy process or promote judicial economy. *See ACC Retail Prop. Dev. & Acquisition Fund, LLC v. Bank of Am., N.A.*, No. 5:12-CV-361-BO, 2012 U.S. Dist. LEXIS 186666, at *4 (E.D.N.C. Sep. 27, 2012). The Court, therefore, in its discretion denies defendants' motion to transfer.

III. Trial setting.

The trial in this matter shall hereby COMMENCE on Monday February 28, 2022, at 10:00 a.m. at the United States Courthouse at Elizabeth City, North Carolina. A pretrial conference shall be conducted by Magistrate Judge Brian S. Meyers not later than February 14, 2022.

## CONCLUSION

For the foregoing reasons, defendants' motion to reconsider [DE 129] is GRANTED. Plaintiff's motion for sanctions [DE 91] is DENIED. The memorandum and recommendation entered 18 August 2021 [DE 112] is REJECTED for the reasons that support reconsideration. The Court further REVERSES the order entered 18 August 2021 imposing evidentiary and monetary sanctions against defendants, also for those reasons that support reconsideration of the order and memorandum and recommendation. The motion to transfer to bankruptcy court [DE 105] is DENIED.

The trial in this matter shall commence on February 28, 2022, at 10:00 a.m. at the United States Courthouse at Elizabeth City, North Carolina. A pretrial conference shall be conducted by Magistrate Judge Brian S. Meyers not later than February 14, 2022.

The motions to seal [DE 131, 136, 142] are GRANTED as they seek to seal private medical information of a non-party. Defendants' motion for leave to file a reply [DE 121] is GRANTED and the reply at [DE 122-1] is deemed filed.

SO ORDERED, this 25 day of January, 2022.

*Terrence Boyle*
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE